UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASHU SHUKLA,

                    Plaintiff,

-against-

DELOITTE CONSULTING LLP and META PLATFORMS INC.,

                    Defendants.

23-CV-10150 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

       This action was removed from Supreme Court, County of New York on November 17, 2023. ECF No. 1. Plaintiff moves to remand. ECF No. 8. On November 21, 2023, the Court granted an extension to the deadlines for defendants to answer, move or otherwise respond to the complaint and to oppose the motion to remand. ECF No. 14 ("November 21 Order"). Based on the Court's grant of this extension, Plaintiff moves for disqualification[1] of the undersigned. ECF No. 17. This request is DENIED.

       "A judge 'shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." *United States v. Rechnitz*, 75 F.4th 131, 142 (2d Cir. 2023) (quoting 28 U.S.C. § 455(a)). Furthermore, "a judge [shall] recuse [herself] in any case where [she] has 'a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding,' or where '[she] or [her] spouse, or a person within the third degree of relationship to either of them' is 'known by the judge to have an interest that could be substantially affected by the outcome of the proceeding' or is 'to the judge's knowledge likely to

---

[1] The Court notes Plaintiff has a pattern of filing requests for disqualification based on unsubstantiated allegations of "biased" court orders. *See, e.g. Shukla v. Deloitte Consulting LLP*, No. 19-CV-10578 (AJN) (SDA), ECF Nos. 103, 120 (denying as baseless repeated requests for disqualification).

be a material witness in the proceeding.'" *Id*. (quoting 28 U.S.C. § 455(b)). A litigant's disagreements with a judge's rulings "almost never constitute a valid basis for a bias or partiality motion" because such rulings "only in the rarest circumstances evidence the degree of favoritism or antagonism required" for recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Plaintiff seeks disqualification because he disagrees with the Court's November 21 Order, but he fails to adduce any evidence of favoritism or antagonism. Disagreement with the disposition of an extension request is not a basis for recusal. *See Drinks-Bruder v. Niagara Falls Police Club*, No. 22-CV-268 (LJV), 2023 WL 2043833, at *6 (W.D.N.Y. Feb. 16, 2023); *Gomez v. Ercole*, 11-CV-6844 CM (JLC), 2013 WL 5548844, at *3 (S.D.N.Y. Oct. 7, 2013). Plaintiff offers no other reason to doubt this Court's impartiality. Accordingly, his motion for disqualification is DENIED.

Dated: December 7, 2023
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge