UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
: 
ASHU SHUKLA, :
:
                Plaintiff, :
: Civil Action No. 23-CV-10150
    -against- :
:
META PLATFORMS, INC. (Previously :
known as FACEBOOK INC.), DELOITTE :
CONSULTING LLP, :
:
                Defendants. :
:
------------------------------------------------------------- X


**DEFENDANT META'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**


*Of Counsel:*

Cameron Smith
Max Scharf


SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

*Attorneys for Defendant
Meta Platforms, Inc.*

# **TABLE OF CONTENTS**

                                                      **Page**

I. INTRODUCTION .................................................................................................... 1

II. FACTUAL AND PROCEDURAL BACKGROUND.......................................... 2

      A. Plaintiff Files the Complaint in State Court............................................... 2

      B. Defendants Remove the Action to Federal Court ...................................... 3

      C. The State Court Denies Plaintiff's Motion for Default Judgment ........................... 4

III. ARGUMENT........................................................................................................... 4

      A. Meta's Supposed Default in State Court Does Not Preclude Removal to Federal Court ................................................................................. 5

      B. Meta Did Not Demonstrate an Intention to Litigate in State Court ........................ 6

      C. Meta Consented to Electronic Service of the Notice of Removal .......................... 7

      D. The Issue of Whether Plaintiff's Claims Could Be Litigated in State Court Is Irrelevant ................................................................................. 8

IV. CONCLUSION..................................................................................................... 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Boyle v. Toyota Fin. Servs.*,
  No. 17-cv-10730, 2018 WL 1904289 (D.N.J. Mar. 29, 2018) ...................................................7

*Chapman v. ChoiceCare Long Island Term Disab. Plan*,
  288 F.3d 506 (2d Cir. 2002)......................................................................................................6

*JP Morgan Chase Bank, N.A. v. Reijtenbagh*,
  611 F. Supp. 2d 389 (S.D.N.Y. 2009)....................................................................................6, 7

*Lipin v. Danske Bank*,
  130 A.D.3d 470 (1st Dep't 2015) .............................................................................................5

*Marks v. Blount-Lee*,
  No. 16-cv-3524, 2017 WL 3098094 (E.D.N.Y. July 20, 2017).................................................9

*Purohit v. Nissan N. Am.*,
  No. 20-cv-10341, 2020 WL 9745725 (D. Mass. Apr. 8, 2020).................................................9

*Russell v. Lamothermic Precision Casting Corp.*,
  No. 19-cv-2310, 2020 WL 61139 (S.D.N.Y. Jan. 6, 2020) ...................................................1, 5

*Shukla v. Apple Inc.*,
  No. 21-cv-3287, 2021 WL 5281371 (S.D.N.Y. Nov. 12, 2021).................................................1

*Shukla v. Deloitte Consulting LLP*,
  No. 19-cv-10578, 2020 WL 949426 (S.D.N.Y. Feb 27, 2020) .............................................8, 9

*Shukla v. Deloitte Consulting LLP*,
  No. 19-cv-10578, 2020 WL 5894078 (S.D.N.Y. Oct. 5, 2020).................................................2

*Shukla v. Deloitte Consulting LLP*,
  No. 19-cv-10578, 2021 WL 2418841 (S.D.N.Y. June 14, 2021) .........................................1, 8

*Shukla v. Deloitte Consulting LLP*,
  No. 20-cv-5701, 2021 WL 5999307 (S.D.N.Y. Dec. 20, 2021)................................................2

*Tarbell v. Jacobs*,
  856 F. Supp. 101 (N.D.N.Y. 1994)............................................................................................4

*Thornton-Burns Owners Corp. v. Navas*,
  No. 13-cv-4241, 2014 WL 1392026 (E.D.N.Y. Apr. 8, 2014).................................................8

*Vasquez v. J.M. Prods.*,
    No. 04-cv-3019, 2004 WL 1124646 (S.D.N.Y. 2004) ............................................................5

*Willis v. Portfolio Recovery Assocs.*,
    No. 17-cv-119, 2017 WL 11236968 (W.D. Tex. Aug. 2, 2017)............................................9

*In re Zyprexa Products Liability Litig.*,
    467 F. Supp. 2d 256 (E.D.N.Y. 2006) ................................................................................4

**Statutes**

28 U.S.C. § 1331..................................................................................................................3, 4

28 U.S.C. § 1441.....................................................................................................................4

28 U.S.C. § 1446..................................................................................................................6, 7

Federal Tort Claims Act, 28 U.S.C. § 1346........................................................................3, 9

**Other Authorities**

Adverse Party, CORNELL LEGAL INFORMATION INSTITUTE, *available at*
    https://www.law.cornell.edu/wex/adverse_party......................................................7

Federal Rule of Civil Procedure 5 ........................................................................................8

Defendant Meta Platforms, Inc. ("Meta") submits the following Opposition to Plaintiff's "Motion for Remand Pursuant to Federal Rules of Civil Procedure and Local Rules."[1]

## I.   INTRODUCTION

Plaintiff Ashu Shukla requests that the Court remand this action to state court, but does not dispute this Court has subject matter jurisdiction over the action. Rather, he relies on a number of supposed procedural defects in the Notice of Removal of Defendant Deloitte Consulting LLP ("Deloitte"), including that Meta received a copy of the Notice of Removal by email rather than "hard-copy service." He also argues Defendants are "in default" in state court, and therefore this matter should be remanded. But any purported default in state court is not a valid reason to deny removal. *See Russell v. Lamothermic Precision Casting Corp.*, No. 19-cv-2310, 2020 WL 61139, at *1 (S.D.N.Y. Jan. 6, 2020) (stating that "Plaintiff has identified no case standing for his proposed rule that a party's default in state court alone precludes removal"). Moreover, the issue of whether Defendants were supposedly "in default" is moot because the state court already denied Plaintiff's motion for default judgment on November 22, 2023. Smith Aff., Ex. A (concluding that Plaintiff's motion "is denied as moot and the action is disposed").

Ultimately, the Motion for Remand is just another in a long history of frivolous submissions by Plaintiff. His baseless, sanctionable arguments are well known in this District— *e.g.,* his serial requests to disqualify a number of judges, including the Honorable Jessica G. L. Clarke in this action. *See Shukla v. Apple Inc.*, No. 21-cv-3287, 2021 WL 5281371, at *1-3 (S.D.N.Y. Nov. 12, 2021) (Furman, J.) (Plaintiff's motion to disqualify Honorable Jesse M. Furman "is DENIED as frivolous"); *Shukla v. Deloitte Consulting LLP*, No. 19-cv-10578, 2021

---

[1] Citations to "Mot." or "Motion for Remand" refer to Plaintiff's Motion for Remand Pursuant to Federal Rules of Civil Procedure and Local Rules (ECF 9). Citations to "Smith Aff." refer to the accompanying affirmation of Cameron Smith, Esq.

1

WL 2418841, at *5 (S.D.N.Y. June 14, 2021) (Nathan, J.) (admonishing Plaintiff for "making unsubstantiated allegations of bias or impropriety against . . . the Undersigned," Honorable Alison J. Nathan); *Shukla v. Deloitte Consulting LLP*, No. 19-cv-10578, 2020 WL 5894078, at *2 (S.D.N.Y. Oct. 5, 2020) (Aaron, J.) (denying Plaintiff's motion to disqualify Honorable Stewart D. Aaron, and stating Plaintiff's arguments "are not only speculative, but also baseless"); *Shukla v. Deloitte Consulting LLP*, No. 20-cv-5701, 2021 WL 5999307, at *1 (S.D.N.Y. Dec. 20, 2021) (Carter, J.) ("Plaintiff's motion simply asserts various errors allegedly made by [Honorable Andrew L. Carter]," and "[t]hese claims remain frivolous").

Plaintiff has failed to present a valid basis to remand this action to state court. His mere preference to avoid litigation in this Court is insufficient. For these reasons, and those set forth below, Plaintiff's Motion for Remand should be denied.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Plaintiff Files the Complaint in State Court

On October 26, 2023, Plaintiff initiated this action by filing a Complaint in the Supreme Court of the State of New York, New York County (the "State Court"). ECF 1-1. Plaintiff alleges in the Complaint that Deloitte terminated his employment after a female co-worker accused him of sexual harassment in January 2018. *See id.* ¶ 127. According to Plaintiff, he then applied for a position with Meta, and Meta decided to deny his application for employment on April 3, 2018. *Id.* ¶ 79. He alleges Meta's decision must have been motivated by an international conspiracy to discriminate against him based on his gender (male), disability (unspecified "allergies"), national origin (Indian) and race (Asian). *See, e.g., id.* ¶¶ 32, 47, 236. This conspiracy, which Plaintiff claims that he uncovered, was supposedly perpetrated by Meta, Deloitte, and government officials across the United States and India.

His allegations are speculative and baseless: (i) he claims "Deloitte had access to [his] phone and email communications," and it "knew that [he] was being interviewed by [Meta]"; (ii) Deloitte "maintained continuous surveillance over the plaintiff"; (iii) Deloitte "manipulated plaintiff's internet to send him fake news"; (iv) "several female professionals (including intelligence services or law enforcement professionals) supporting Deloitte [would] follow and track the plaintiff" in India; (v) Plaintiff supposedly saw "intelligence services" following him in India; (vi) Deloitte "worked with DOJ, law enforcement or intelligence services to support [its] interests" which included preventing Plaintiff from joining Meta; and (vii) "Deloitte HR communicated with [Meta] HR and exerted their influence such that [he] would not be able to secure gainful employment at [Meta]." *Id*. ¶¶ 22, 26, 27, 117, 128, 129, 170.

Based on the foregoing, completely implausible allegations, Plaintiff asserts 15 causes of action against Defendants. Significantly, he asserts causes of action under 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985, the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, and the Federal Tort Claims Act. *See id*. ¶¶ 205-358.

### B.     Defendants Remove the Action to Federal Court

On November 17, 2023, Deloitte filed a Notice of Removal in this Court. ECF 1. In the Notice of Removal, Deloitte correctly stated "[t]his Court has original federal question jurisdiction under the provisions of 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States." *Id.* ¶ 9. Meta consented and joined in Deloitte's Notice of Removal, and consented to receive service of the Notice of Removal via email. ECF 1 & ECF 1-2.

On the same date, Meta sent Plaintiff an email, informing him the case has been removed, and requesting his consent to an extension of time to respond to the Complaint in this Court. ECF 9-9. Meta stated "[t]his case has been removed to federal court," and "would you kindly consent to an extension of time for [Meta] to answer or respond to the complaint until Friday,

3

December 22, 2023?" *Id*. Plaintiff refused to consent to Meta's extension request. ECF 14. Nonetheless, on November 21, 2023, the Court issued an order extending Meta's time to respond to the Complaint until December 22, 2023. *Id*.

### C. The State Court Denies Plaintiff's Motion for Default Judgment

Also on November 17, 2023, Plaintiff filed a Motion for Default Judgment against Defendants in the State Court action, arguing that Defendants failed to respond to the Complaint within twenty days as required by the New York Civil Practice Law and Rules ("CPLR"). On November 22, 2023, the State Court denied Plaintiff's Motion for Default Judgment because Defendants filed "[a] Notice of Removal to the United States District Court for the Southern District of New York." *See* Smith Aff., Ex. A. Further, the State Court ruled "the action is disposed" due to Defendants' removal to this Court. *Id*.

### III. ARGUMENT

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed" to federal district court. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Once an action has been removed, "the federal district court acquires full and exclusive subject matter jurisdiction over the litigation." *In re Zyprexa Products Liability Litig.*, 467 F. Supp. 2d 256, 273 (E.D.N.Y. 2006). Stated differently, "once the removal procedures are completed by the filing of the Notice of Removal in the state court, state jurisdiction ends and any further action in the state court is void." *Tarbell v. Jacobs*, 856 F. Supp. 101, 104 (N.D.N.Y. 1994) (denying plaintiff's motion to remand based on defendants' alleged default in state court because "the federal court had sole jurisdiction over this case prior to the state entry of the default judgment").

4

Plaintiff argues this action should be remanded to State Court based on four arguments, all of which are meritless: (i) Meta "defaulted" in State Court; (ii) Meta "demonstrated an intention to litigate" in State Court; (iii) "no hard-copy service" of the Notice of Removal "was made to defendant Meta"; and (iv) "Plaintiff's claims could be litigated in both the State forum as well as the Federal Forum." Mot. at 2, 5, 14, 20.

### A.  Meta's Supposed Default in State Court Does Not Preclude Removal to Federal Court

According to Plaintiff, Meta had a duty to respond in State Court in the same way Your Honor has a purported duty "to timely refill his car." Mot. at 8. But Meta did not default in State Court, and Plaintiff's tortured analogy regarding "the Judge's car" makes no sense.

The issue of whether Meta defaulted in state court is irrelevant. It is well settled that "[o]nce the underlying action[] [is] removed to the United States District Court for the Southern District of New York by the filing of the notice of removal with the state court, the state court no longer [has] jurisdiction to rule on [the] plaintiff's motions." *Lipin v. Danske Bank*, 130 A.D.3d 470, 471 (1st Dep't 2015) (affirming state court's denial of motion for default judgment on ground that the case had been removed to federal court). Accordingly, a plaintiff cannot avoid removal by merely arguing the defendant is "presently in default in state court." *See Russell v. Lamothermic Precision Casting Corp.*, No. 19-cv-2310, 2020 WL 61139, at *1 (S.D.N.Y. Jan. 6, 2020) (denying motion to remand and rejecting plaintiff's argument that "Defendants were not entitled to remove the action because they were in default in state court"); *Vasquez v. J.M. Prods.*, No. 04-cv-3019, 2004 WL 1124646, at *3 (S.D.N.Y. 2004) ("Plaintiffs' claim that since all defendants are presently in default in State Court they are precluded from filing for removal . . . is unsupported by either the facts or the law") (internal quotations omitted). Tellingly, Plaintiff has not cited a single case which held that a defendant's default in state court precludes removal, and there is none.

5

Furthermore, the State Court already denied Plaintiff's motion for default judgment, and therefore it would be pointless to remand the action based on any purported default in State Court. *See* Smith Aff., Ex. A. In denying Plaintiff's motion for default judgment, the State Court recognized that it can proceed no further, given that Defendants have removed the action. *Id.* (concluding Plaintiff's motion "is denied as moot and the action is disposed"); *see also* 28 U.S.C. § 1446(d) (providing that, after removal to federal court, "the State court shall proceed no further").

### B. Meta Did Not Demonstrate an Intention to Litigate in State Court

Plaintiff's argument that Meta "demonstrated an intention to litigate" in State Court by requesting additional time to respond in this Court is illogical. In support of his argument, he relies on an email from Meta to Plaintiff, *see* ECF 9-9, requesting an extension to respond through December 22, 2023, and reminding Plaintiff "[t]his case has been removed to federal court."

Meta did not "demonstrate[] an intention to litigate" in State Court. Mot. at 2. Meta has not even filed an appearance in the State Court action, much less answered the Complaint, served discovery requests or responses, filed any motions, or attended any hearings. Indeed, as discussed above, Plaintiff also argues that Meta waived its right to remove this action ***because it allegedly failed to participate in the State Court Action***. *Id.* at 5. This Court should reject Plaintiff's logically inconsistent, "heads I win, tails you lose" view of Meta's participation in State Court.

Further, "[a]ny waiver of the right of removal must be clear and unequivocal." *JP Morgan Chase Bank, N.A. v. Reijtenbagh*, 611 F. Supp. 2d 389, 390 (S.D.N.Y. 2009) (internal quotations and citations omitted); *Chapman v. ChoiceCare Long Island Term Disab. Plan*, 288 F.3d 506, 510 (2d Cir. 2002) ("Federal common law and New York common law both define waiver as an intentional relinquishment and abandonment of a known right or privilege."). Plaintiff has not

6

identified any evidence that Meta clearly and unequivocally waived its right to remove this action, and there is no such evidence.[2]

### C.  Meta Consented to Electronic Service of the Notice of Removal

Plaintiff's argument that Deloitte failed to provide "hard-copy service" of the Notice of Removal to Meta is meritless.

As an initial matter, Deloitte was not even required to serve the Notice of Removal on Meta, by hard copy or otherwise, given that Deloitte and Meta are not adverse parties. Under 28 U.S.C. § 1446(d), "[p]romptly after the filing of [the] notice of removal of a civil action the defendant [must] give written notice thereof *to all adverse parties*." (emphasis added). Neither Meta nor Deloitte have served any cross-claims, nor has Plaintiff demonstrated that these defendants have any opposing interests in this action. *See* Adverse Party, CORNELL LEGAL INFORMATION INSTITUTE, *available at* https://www.law.cornell.edu/wex/adverse_party (last visited Dec. 15, 2023) ("An adverse party is the other side of a lawsuit, the opposite party, one with opposing interests"). Further, it would be pointless to require non-adverse co-defendants to "serve" each other with a notice of removal, given that all defendants must join in or consent to removal before any such notice is filed. *See* 28 U.S.C. § 1446(b)(2)(A) ("[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action."); *see also Boyle v. Toyota Fin. Servs.*, No. 17-cv-10730, 2018 WL 1904289, at *4 (D.N.J. Mar. 29, 2018) (holding "the statute only requires that a defendant provide the notice to 'all adverse parties,'" and the co-defendants "were not 'adverse' at the time of removal").

---

[2]  Plaintiff also argues that Deloitte's filing of a Related Case Statement (ECF 2), somehow proves that Defendants "intended to seek a decision based on merits" in State Court. Mot. at 15. Plaintiff is wrong. Deloitte was required to file a Related Case Statement—advising this Court that Plaintiff has filed several baseless, related cases—pursuant to the Southern District of New York's Local Rules. *See* Local Civil Rule 1.6(a). Mere compliance with the rules in this District does not constitute a "clear and unequivocal" waiver of Defendants' right to remove the action. *See Chase Bank*, 611 F. Supp. 2d at 390.

7

Furthermore, the Federal Rules of Civil Procedure clearly state that a party may consent to receive service by email to the party's attorney. *See* Fed. R. Civ. P. 5(b) ("A paper is served under this rule by . . . sending it by [an] electronic means that the person consented to in writing"). As set forth in Deloitte's Certificate of Service and of Filing of Notice of Removal, *see* ECF 4, Meta consented to receive service of the Notice of Removal by email. The notion that Meta is somehow forbidden from consenting to accept email service is incorrect and unsupported by any case law.

Even assuming Meta is an "adverse party" to Deloitte (which it is not) and Deloitte's service of the Notice of Removal was somehow procedurally defective (which it was not), Plaintiff's argument still fails. "[P]rocedural defects in notice to an adverse party do not defeat removal, particularly where the adverse party was aware of the action and does not demonstrate any prejudice resulting." *Thornton-Burns Owners Corp. v. Navas*, No. 13-cv-4241, 2014 WL 1392026, at *5 (E.D.N.Y. Apr. 8, 2014). It is undisputed Meta was "aware of the [removal]," and it was not prejudiced by the removal in any way. *See id*. Accordingly, any purported procedural defects in Deloitte's service of the Notice of Removal to Meta are irrelevant.[3]

### D. The Issue of Whether Plaintiff's Claims Could Be Litigated in State Court Is Irrelevant

Lastly, Plaintiff's argument that "[his] claims could be litigated in both the State forum as well as the Federal Forum" is irrelevant and incorrect.

---

[3] Plaintiff also argues the Notice of Removal was procedurally improper because: (i) it did not attach his Affidavit of Service showing that his service of the summons and complaint was purportedly not defective; and (ii) the Notice of Removal did not "provide[] any details on how the summons was defective." Mot. at 17-19. Plaintiff's argument should be rejected. As discussed above, procedural defects alone "do not defeat removal." *Thornton-Burns*, 2014 WL 1392026, at *5. Further, Deloitte attached a copy of the state court docket to the Notice of Removal, which showed that Plaintiff filed an Affidavit of Service on October 27, 2023. ECF 1-3.

Moreover, Plaintiff made the exact same argument before the Honorable Stewart D. Aaron in *Shukla v. Deloitte Consulting LLP*. *See* No. 19-cv-10578, 2020 WL 949426, at *4 (S.D.N.Y. Feb. 27, 2020) (Plaintiff arguing "Defendant's notice of removal was defective because . . . it failed to mention that Defendant was served a true copy of the Summons and Complaint . . . and failed to attach the affidavit of service"). Judge Aaron rejected Plaintiff's argument, and held "the notice of removal included all the required information." *Id*. at *5-6.

The mere fact that a plaintiff's claims *could* be litigated in state court is not a sufficient reason to deny removal to federal court. Numerous district courts have reached that exact conclusion. *See, e.g., Shukla v. Deloitte Consulting LLP*, No. 19-cv-10578, 2020 WL 949426, at *6 (S.D.N.Y. Feb 27, 2020) (rejecting Plaintiff Ashu Shukla's argument that "the state court has jurisdiction over the state law claims" on the ground that "the federal court also has jurisdiction over the state law claims, given Plaintiff's inclusion of federal law claims"); *Purohit v. Nissan N. Am.*, No. 20-cv-10341, 2020 WL 9745725, at *3 (D. Mass. Apr. 8, 2020) ("Where a federal court has subject-matter jurisdiction, it is bound to exercise it. . . . That is true even if a state court also has jurisdiction."); *Willis v. Portfolio Recovery Assocs.*, No. 17-cv-119, 2017 WL 11236968, at *2 (W.D. Tex. Aug. 2, 2017) ("It is irrelevant—for purposes of whether removal is proper—whether a state court also has jurisdiction over the action.").

Furthermore, Plaintiff has asserted claims under the Federal Tort Claims Act ("FTCA"), and thus his argument that "[his] claims could be litigated [in] the State forum" is wrong. Under Count 15 of the Complaint, Plaintiff claims that Defendants violated the FTCA by participating in the above-referenced international conspiracy with agents of the United States and Indian governments, as well as their various "intelligence services." *See, e.g.,* ECF 1-1 ¶ 26. Critically, the FTCA grants federal courts exclusive jurisdiction over claims for damages "caused by the negligent or wrongful act or omission of any employee of the [United States] Government." Accordingly, this Court has exclusive jurisdiction over Plaintiff's FTCA claims, which cannot be litigated in state court. *See Marks v. Blount-Lee*, No. 16-cv-3524, 2017 WL 3098094, at *3 (E.D.N.Y. July 20, 2017) (denying motion to remand FTCA claims on ground that "the FTCA places exclusive jurisdiction to adjudicate such claims in the federal courts").

9

In sum, Meta never defaulted in State Court, nor "demonstrated an intention to litigate" in State Court, nor was Deloitte required to provide "hard-copy service" to Meta, nor does it make any difference that the State Court may also have jurisdiction over some of Plaintiff's claims. His arguments are entirely meritless, and they amount to nothing more than a futile attempt to avoid proceeding in this Court, which indisputably has subject matter jurisdiction over the action.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Remand should be denied.

Dated: December 15, 2023                SEYFARTH SHAW LLP

By:   */s/ Cameron Smith*
Cameron Smith
Max Scharf
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500
casmith@seyfarth.com
mscharf@seyfarth.com

*Attorneys for Defendant Meta Platforms, Inc.*