UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

ASHU SHUKLA,                                    :
                                                :       23 Civ. 10150 (JGLC) (GS)
                                                :
                      Plaintiff,                :
                                                :       REPORT AND
                                                :       <u>RECOMMENDATION</u>
         - against -                            :
                                                :
META PLATFORMS INC. and DELOITTE   :
CONSULTING LLP,                                 :
                                                :
                      Defendants.               :
--------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

Defendants Deloitte Consulting LLP and Meta Platforms Inc. ("Deloitte" and

"Meta," respectively, and together, "Defendants") have both moved to dismiss the

Complaint filed by *pro se* Plaintiff Ashu Shukla ("Plaintiff" or "Shukla").  In

addition, Deloitte moves to impose a litigation bar against Plaintiff, or in the

alterative, for sanctions.  For the reasons set forth below, the undersigned

recommends that Defendants' motions to dismiss be **GRANTED and a litigation**

**bar be imposed on Plaintiff**.

BACKGROUND

In the Complaint, Plaintiff brings a myriad of employment discrimination,

retaliation, and civil rights claims in connection with Deloitte's termination of

Plaintiff, and Meta's decision to not hire him for future employment, in 2018.  A

proper assessment of these claims cannot be divorced from Plaintiff's lengthy

history of litigation arising out Deloitte's termination of Plaintiff and his failure to

find alternative employment.

**A.      Plaintiff's History of Litigation Against Deloitte and Related Parties**

Plaintiff first pursued litigation against Deloitte in February 2019 with the filing of an action in New York state court, which was subsequently removed to this District.  *See Shukla v. Deloitte Consulting LLP*, No. 19 Civ. 10578 (AJN) (SDA) (S.D.N.Y.) ("*Shukla I*"), Dkt. No. 1.  In *Shukla I*, Plaintiff, who was initially represented by counsel, alleged that he began working as a Senior Consultant in Deloitte's New York office in December 2016 and that Deloitte wrongfully terminated him on November 5, 2018.  *Shukla I*, Dkt. No. 1-1 ¶¶ 16, 40.  Without naming any additional defendants, Plaintiff also accused Deloitte of "coordinating with . . . prestigious firms" such as Google and IBM "to prevent him from securing alternate visa-sponsored employment."  (*Id.* ¶ 42).

In *Shukla I*, Plaintiff initially asserted claims against Deloitte for employment discrimination, retaliation, and harassment under the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), and state common law.  (*Id.* ¶¶ 44-55).  After Plaintiff began proceeding *pro se*,[1] he submitted a proposed amended pleading adding multiple federal claims, including claims under Title VII of the Civil Rights Act ("Title VII") and under the Americans with Disabilities Act ("ADA").  *Shukla I*, Dkt. No. 1-6.

---

[1] Based on the state court docket, it appears that Plaintiff's counsel ceased representing him in August 2019.  (*Shukla I*, Dkt. No. 1-7 at 1).

2

Deloitte then removed the action in November 2019.  *See Shukla I*, 2020 WL 949426 (S.D.N.Y. Feb. 27, 2020) (denying motion to remand).

Over the next year and a half, as *Shukla I* proceeded into discovery, Plaintiff engaged in a pattern of abusive litigation conduct.  As later summarized by the presiding judge, the Honorable Alison J. Nathan, Plaintiff, among other things: "refused to accept unfavorable rulings from the Court"; "continually deemed each decision that does not go his way 'biased' . . . and responded with meritless motions for reconsideration, motions to 'vacate,' or motions to 'reopen'"; "repeatedly flouted the Court's orders and disobeyed its clear instructions," including refusing to consent to his court-ordered deposition; "declare[d] that the Court's orders are invalid or that the Court lacks authority"; and "display[ed] caustic behavior unfit for litigants before this Court," including "leveling insults and outlandish accusations against the Court, opposing counsel, and other individuals involved in this litigation."  *Shukla I*, 2021 WL 3721349, at *2-3 (S.D.N.Y. Aug. 20, 2021).

While *Shukla I* was still in discovery, Plaintiff initiated *Shukla v. Deloitte Consulting LLP*, No. 20 Civ. 5701 (ALC) (S.D.N.Y. July 17, 2020) ("*Shukla II*").  In *Shukla II*, Plaintiff brought many of the same claims against Deloitte as in *Shukla I*, *i.e.*, claims for employment discrimination, harassment, and retaliation under NYSHRL and NYCHRL, as well as under federal civil rights laws.  He also added "federal common law" claims accusing Deloitte of "BioChemical/Medical manipulation" as well as tracking his movements and hacking into his personal

3

online accounts and devices. *Shukla II*, Dkt. No. 1. Less than two months later, the Honorable Andrew L. Carter dismissed Plaintiff's Complaint *sua sponte* because Shukla's discrimination claims were duplicative of his claims in *Shukla I*, and his other claims against Deloitte "r[os]e to the level of the irrational, and there is no legal theory on which he can rely." *Shukla II*, 2020 WL 4431996, at *2 (S.D.N.Y. July 31, 2020).

Nonetheless, two months later, Plaintiff filed an Emergency Motion for a Permanent Injunction or Temporary Restraining Order in *Shukla I*, again claiming, *inter alia*, that Deloitte had continually attacked him with "biochemical/medical devices and weapons," including a "remote operated ray emitting gun" and other "remote operated manipulation devices placed inside Plaintiff's home." *Shukla I*, 2020 WL 8512844, at *1 (S.D.N.Y. Nov. 19, 2020) (denying motion); *see also Shukla I*, 2021 WL 1131507, at *2 (S.D.N.Y. Mar. 24, 2021) (denying Plaintiff's motion for leave to file amended complaint setting forth "factually frivolous and clearly baseless" allegations regarding "BioChemical/Medical manipulation").

While both *Shukla I* and *Shukla II* were ongoing, Plaintiff again sued Deloitte, this time in the District of New Jersey, making substantially the same allegations as in *Shukla II*. *Shukla v. Deloitte Consulting LLP*, No. 20 Civ. 9274 (MAS) (TJB) (D.N.J. July 22, 2020) ("*Shukla III*"), Dkt. No. 1. A few weeks after initiating *Shukla III*, and before Deloitte ever appeared in that action, Plaintiff voluntarily withdrew his complaint. *Shukla III*, Dkt. No. 8 (D.N.J. Aug. 6, 2020).

4

He then initiated another lawsuit in 2020 in a new forum—the Eastern District of Pennsylvania—which named a Deloitte human resources professional (the "Deloitte HR Employee") as a defendant and alleged that she conspired with other named defendants to harass Plaintiff and involuntarily commit him to a mental health treatment facility. *Shukla v. Univ. of Pa. Health Systems*, No. 20 Civ. 5634 (E.D. Pa. Nov. 16, 2020) ("*Shukla IV*"). Within months, the presiding judge in *Shukla IV sua sponte* dismissed that action due to Shukla's failure to prosecute and "repeated failures to comply with court orders." *Shukla IV*, 2021 WL 1721862, at *2 (E.D. Pa. Apr. 30, 2021).

Plaintiff next sued Deloitte in this District in the spring of 2021. *Shukla v. Apple Inc. & Deloitte Consulting LLP*, No. 21 Civ. 3287 (JMF) (SDA) (S.D.N.Y. Apr. 14, 2021) ("*Shukla V*"). In this iteration, Plaintiff alleged that Deloitte conspired with Apple to prevent him from obtaining visa-sponsored employment at Apple. He again brought claims against Deloitte for employment discrimination, retaliation, and harassment pursuant to NYSHRL and NYCHRL, and added citations to New York Labor Law, 42 U.S.C. §§ 1983 & 1985, and the Federal Tort Claims Act. *See id.* Dkt. No. 1 at 83-103.

In *Shukla V*, as described by the Honorable Jesse M. Furman, Plaintiff's "pattern of unacceptable conduct" that had begun in *Shukla I* "continued unabated." *Shukla V*, 2021 WL 5281371, at *3 (S.D.N.Y. Nov. 12, 2021). Despite repeated warnings from the court, Plaintiff "repeatedly flouted the Court's instructions, filing

numerous frivolous motions and other inappropriate documents on the docket and leveling insults and outlandish accusations against" court personnel and judges. *Id.* at *2.

Meanwhile, on August 20, 2021, *Shukla I* was dismissed with prejudice pursuant to Federal Rules of Civil Procedure 37 and 41(b). *Shukla I*, 2021 WL 3721349, at *1, *5. The court cited, among other things, "Plaintiff's repetitive challenges to the Court's decisions, his barrage of frivolous and excessive filings, and his refusal to meet his discovery obligations," explaining that "the Court has an obligation to prevent such a waste of the judiciary's resources and the extreme prejudice to the Defendant from absorbing the costs of a protracted litigation." *Id.* at *3. At the end of its ruling, the *Shukla I* court expressly warned Plaintiff that the dismissal was on the merits and that the doctrine of *res judicata* would prevent him from reasserting his claims against Deloitte in a future action:

> Plaintiff is warned that this dismissal pursuant to [Rules] 41(b) and 37 is an adjudication on the merits. This means that Plaintiff will not be able to get a second bite at the apple before a different judge. Plaintiffs' claims will be subject to the doctrine of *res judicata*, which precludes not only litigation of claims raised and adjudicated in a prior litigation between the parties (and their privies), but also of claims that might have been raised in the prior litigation but were not.

*Id.* at *4 (cleaned up). Further, the court warned Plaintiff that "continuing his behavior in future cases could result in an anti-filing injunction" restricting his ability to use the courts. *Id.*

6

Even after this order of dismissal, Plaintiff continued to file a series of letters and frivolous motions on the docket, leading the *Shukla I* court to revoke Plaintiff's Electronic Case Filing ("ECF") privileges four months after it had dismissed the case. *See Shukla I*, Dkt. No. 347.

Likewise, on November 12, 2021, the *Shukla V* court, citing Plaintiff's "repeated violations of this Court's rules and orders," revoked his ECF privileges. 2021 WL 5281371, at *1. The court also ordered Shukla to show cause as to why his claims should not be dismissed and a litigation bar imposed. *Id.* at *1, *4. When Shukla did not respond, the court issued an order declaring that all future filings would be disregarded unless Plaintiff obtained leave of court to make the filing. *Shukla V*, Dkt. No. 104. Eventually, in an order dated February 9, 2022, the court allowed Plaintiff to voluntarily dismiss *Shukla V* pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), after Plaintiff stated he was abandoning the case because of the court's "consistent biased orders." *Shukla V*, Dkt. Nos. 114 at 1 & 116.

After voluntarily withdrawing *Shukla V*, Plaintiff had a change of heart, and requested reconsideration of the court's order of dismissal. *Id.* Dkt. No. 117. On February 10, 2022, the court denied that request. *Id.* Dkt. No. 119.

In addition to his conduct in district court, Plaintiff filed at least ten appeals of varying types in *Shukla I*, *Shukla IV*, and *Shukla V*, all of which were dismissed. *See Shukla v. Deloitte Consulting LLP*, No. 21-254 (2d Cir. Feb. 9, 2021), No. 21-557 (2d Cir. Mar. 9, 2021), No. 21-895 (2d Cir. Apr. 8, 2021), No. 21-2441 (2d Cir. Sept.

7

28, 2021); *Shukla v. Univ. of Pa. Health Sys.*, No. 21-1411 (3d Cir. Mar. 4, 2021), No. 22-2029 (3d Cir. May 31, 2022) (consolidated into No. 22-2257 (3d Cir. July 11, 2022)); *Shukla v. Apple, Inc. & Deloitte Consulting LLP*, No. 21-2114 (2d Cir. Sept. 1, 2021), No. 21-3095 (2d Cir. Dec. 21, 2021), No. 22-591 (2d Cir. Mar. 22, 2022), No. 22-640 (2d Cir. Mar. 23, 2022).

**B.     Plaintiff's Allegations in This Action**

The present litigation—"*Shukla VI*"—is Plaintiff's sixth lawsuit against Deloitte or one of its employees.  Plaintiff's Complaint, originally submitted in state court ("Complaint" or "Compl."), contains fifteen causes of action, fourteen of which are brought against Deloitte and Meta, and one of which is brought against Meta only. (*See* Dkt. No. 1 Ex. A at 41-67).

The Complaint spans some 358 paragraphs and, in addition, "incorporate[s] by reference" nearly 200 more paragraphs from Plaintiff's complaint in *Shukla V*. (Compl. ¶¶ 33-34, 116, 153, 177 (incorporating by reference *Shukla V*, Dkt. No. 1 ¶¶ 21-48, 72-155, 181-213, 224-77)).  Those incorporated paragraphs include Plaintiff's allegations (also contained in *Shukla I*) that he began working for Deloitte in December 2016 and was terminated on November 5, 2018.  (*Shukla V*, Dkt. No. 1 ¶¶ 22, 47; *Shukla I*, Dkt. No. 1-1 ¶¶ 16, 40).  Through the incorporated paragraphs and the Complaint's other averments, Plaintiff reiterates the core allegations in *Shukla I* and *Shukla V* regarding Deloitte's purported discrimination and retaliation against him leading up to his allegedly wrongful termination.

(*See Shukla V*, Dkt. No. 1 ¶¶ 212-48, 72-155, 181-213, 224-77; Compl. ¶¶ 43-49, 75-77, 80-102).

The Complaint alleges that, before Deloitte fired Plaintiff, he "applied for multiple fulltime position[s] at Facebook,"—*i.e.*, Meta—and although "Facebook selected plaintiff's profile," the company "refused to hire Plaintiff" and informed him of this fact on April 3, 2018.[2]  (Compl. ¶¶ 4, 79).  Plaintiff claims that Meta "wrongfully deprive[d]" him of employment "through discrimination and retaliation" based on his protected characteristics and in violation of his civil rights. (*Id.* ¶¶ 8-9).  Further, Plaintiff alleges that Deloitte "coordinated with and conferred with the Human Resource and recruiting department" of Meta to "retaliate against the plaintiff by intentionally arranging [a] fraudulent recruitment process where the plaintiff was destined not to be hired."  (*Id.* ¶¶ 53, 67-68).

The Complaint also contains a section entitled "State Actors" in which Plaintiff alleges that Deloitte conspired with "one or more State Actors to work against [his] interests." (*Id.* ¶ 21).  This includes an attorney who coordinated with "DOJ, law enforcement or intelligence services to support the interests of Deloitte" and who reached a "meeting of the minds" with Meta in 2018 to refuse to recruit Plaintiff.  (*Id.* ¶¶ 22, 110; *see also id.* ¶¶ 119, 162, 184-85, 194, 251, 280, 333-34).

---

[2] Plaintiff refers to Meta as "Facebook" and "Meta" interchangeably throughout his Complaint.  In 2021, Facebook changed its name to Meta in a company rebranding.  *See Collins v. Toledo Blade*, Case No. 23 Civ. 302, 2024 WL 1094613, at *2 (N.D. Ohio Mar. 13, 2024) ("In 2021, Facebook rebranded as Meta Platforms, Inc.").  The Court understands any usage of the word "Facebook" in Plaintiff's Complaint to be synonymous with Meta.

Plaintiff also includes allegations of misconduct by Deloitte in 2023. Plaintiff alleges that the Deloitte HR Employee, who had been involved in the decision to terminate him and was a named Defendant in *Shukla IV*, allegedly "influenced or forced several female professionals" who are "State Actors" to "follow and track the Plaintiff" at a nightclub in India in February 2023. (*Id.* ¶¶ 24-27). Plaintiff also alleges that Deloitte has continuously surveilled Plaintiff and "manipulated [his] internet" during 2023 to "send him fake news on [the] Israel-Hamas war, World Leaders, Cricket and Financial markets" and create difficulties for Plaintiff "in determining similarly situated Facebook employees." (*Id.* ¶ 170, 195, 196; *see also, e.g., id.* ¶¶ 39, 40, 294).

The fourteen causes of action asserted against both Deloitte and Meta allege discrimination based on disability/medical condition, gender, and national origin and race in violation of the ADA, Title VII, NYSHRL, NYCHRL and 42 U.S.C. § 1981 (Counts 1-8), as well as aiding and abetting the same (Count 12); violations of New York State and New York City labor laws (Counts 10-11); deprivation of civil rights and conspiracy to interfere with civil rights in violation of 42 U.S.C. §§ 1983 and 1985 (Counts 13-14); and witness tampering and retaliation in violation of federal and state laws, including the Federal Tort Claims Act ("FTCA") (Count 15). The claim asserted against Meta only is for negligence in violation of NYSHRL and NYCHRL (Count 9).

## C.      Procedural History

Plaintiff initially commenced this action in New York State Supreme Court on October 26, 2023.  (Dkt. No. 1 Ex. A).  Deloitte, with Meta's written consent, removed the case to federal court on November 17, 2023.  (*See id.* & Ex. B).  Two days later, Plaintiff moved to remand the case back to state court, predicated in large part on the theory that Defendants had defaulted in the underlying state action.  (*See* Dkt. No. 9).  Following the undersigned's report and recommendation, Judge Clarke denied the motion to remand on January 23, 2024.  (Dkt. No. 56). *Shukla v. Meta Platforms Inc.*, 2024 WL 248775 (S.D.N.Y. Jan. 8, 2024), *adopted* 2024 WL 247108 (S.D.N.Y. Jan. 23, 2024).[3]

Unfortunately, Plaintiff's conduct in this action follows his pattern of frivolous and fantastical accusations against the Court and his adversaries.  For instance, after Meta requested and received an extension of time to respond to Plaintiff's Complaint and his motion for remand (Dkt. Nos. 13 & 14), Plaintiff filed a letter opposing the request and offered the irrelevant aside that the Deloitte HR Employee "has taught or provided biomedical manipulation . . . to multiple Indian females," including one "working for the Indian Intelligence Service."  (Dkt. No. 15 at 2).

Thereafter, Plaintiff moved to disqualify Judge Clarke on the grounds that her extension order was part of a "continuum" of "such biased orders" against him

---

[3] On December 7, 2023, Judge Clarke referred this action to the undersigned for all general pretrial matters and dispositive motions requiring a report and recommendation.  (Dkt. No. 23).

dating back to *Shukla V.* (Dkt. No. 17 at 2). Judge Clarke denied Plaintiff's disqualification motion, noting that "[d]isagreement with the disposition of an extension request is not a basis for recusal" and that Plaintiff had offered no other reason to question the Court's impartiality. (Dkt. No. 24 at 2).

After the parties completed briefing on Plaintiff's motion for remand, both Deloitte and Meta filed the instant motions to dismiss in December 2023. (Dkt. No. 36, 37 ("Del. Br."), 38; Dkt. Nos. 41, 42 ("Meta Br."), 43). Plaintiff submitted two separate oppositions. (Dkt. Nos. 40 ("D. Opp.") & 46 ("M. Opp.")). Meta submitted a short reply on January 12, 2024. (Dkt. No. 54). Deloitte elected not to submit a reply but, on April 18, 2024, filed a letter accusing Plaintiff of making "additional frivolous filings" in this case and requesting that those filings be considered in connection with its request for sanctions on the motion to dismiss. (Dkt. No. 80).

When the undersigned granted Defendants' requests for extensions of time to reply and struck Plaintiff's improper cross-motion for default (Dkt. Nos. 45, 48 & 49), Plaintiff retorted that the orders entered by "Magistrate Judge Gary Stein or his female [c]lerk appearing to be Magistrate Judge Gary Stein" were "as credible as the lawful authority of someone's next-door neighbor." (Dkt. No. 50 at 1-3). He attacked the orders as "biased" and "without authority or jurisdiction." (*See id.*; Dkt. No. 60 at 3, 4 (Plaintiff's letter reiterating that orders were "invalid")). In rejecting these claims, Judge Clarke called them "baseless" and "the latest in Plaintiff's history of unsubstantiated allegations." (Dkt. No. 61).

Plaintiff also has made several frivolous filings predicated on his erroneous and unsubstantiated beliefs that Defendants are in default in this case and are committing fraud on the Court. (*See, e.g.*, Dkt. Nos. 39, 64-65). Judge Clarke has since ordered Plaintiff to "cease filing applications seeking relief that has already been denied." (Dkt. No. 69). As in some of his prior cases, Plaintiff has also submitted two interlocutory appeals in the instant case, both of which have already been dismissed. (*See* Dkt. Nos. 16, 63, 71 & 84).

On April 1, 2024, Plaintiff initiated yet another new suit, this time against Deloitte and Google, in New York state court, which was removed to this Court and is also before Judge Clarke. *Shukla v. Deloitte Consulting LLP et al.*, No. 24 Civ. 2470 (JGLC) (S.D.N.Y. Apr. 2, 2024) ("*Shukla VII*"). Judge Clarke has stayed *Shukla VII* pending the resolution of the instant motions to dismiss. *See Shukla VII*, Dkt. No. 10 (S.D.N.Y. Apr. 5, 2024). Plaintiff has sought Judge Clarke's removal from *Shukla VII* as well, stating, falsely, that he "has already disqualified" Judge Clarke in this action (*Shukla VI*) and that Judge Clarke "has shown a discriminatory animus" against him. *Shukla* VII, Dkt. Nos. 11, 12.

Following the initiation of *Shukla VII*, and despite the fact that Judge Clarke had stayed *Shukla VII*, Plaintiff filed a motion to stay the instant case "until this court adjudicates [*Shukla VI*]." (Dkt. Nos. 78, 79 at 2). In a separate order issued yesterday, the undersigned denied Plaintiff's motion for a stay. (Dkt. No. 85).

**LEGAL STANDARDS**

Under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept[] all factual allegations in the complaint as true" and "draw[] all reasonable inferences in the plaintiff's favor." *Palin v. New York Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019) (citation omitted). Courts need not, however, consider "conclusory allegations or legal conclusions couched as factual allegations." *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021) (citation omitted); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

While the doctrine of *res judicata* is an affirmative defense, a defendant may invoke the doctrine on a Rule 12(b)(6) motion to dismiss "when facts supporting the defense appear on the face of the complaint and other materials a court may consider." *Go Glob. Retail, LLC v. Dream on Me, Inc.*, No. 23 Civ. 7987 (AS), 2024

WL 1833605, at *1-2 (S.D.N.Y. Apr. 26, 2024) (cleaned up); *see also TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014) ("A court may consider a *res judicata* defense on a Rule 12(b)(6) motion when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice."). Among the materials that may be considered are "'the court's own records,'" of which the court may take judicial notice. *Felton v. Loc. Union 804, Int'l Bhd. Of Teamsters*, No. 22-2779-cv, 2024 WL 2813896, at *3 (2d Cir. June 3, 2024) (summary order) (quoting *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992)).

Similarly, while the statute of limitations is also ordinarily an affirmative defense, "the Second Circuit has held that '[d]ismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when a defendant raises . . . [a statutory bar] as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.'" *Strusman v. NYU Langone Hosps.*, No. 19 Civ. 9450 (LJL), 2020 WL 3415111, at *3 (S.D.N.Y. June 22, 2020) (quoting *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Accordingly, the Court must "read the pleadings of a pro se plaintiff liberally" and construe them to raise "the strongest

possible arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280

(2d Cir. 1999) (cleaned up).  Nonetheless, *pro se* pleadings still "must contain factual

allegations sufficient to raise a 'right to relief above the speculative level.'"  *Dawkins*

*v. Gonyea*, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (quoting *Twombly*, 550 U.S. at

555).

## DISCUSSION

Although they filed separate motions, Deloitte and Meta advance three

common arguments in support of dismissal.  First, they assert that the doctrine of

*res judicata* requires dismissal of Plaintiff's Complaint.  Second, they assert that

Plaintiff's claims are time-barred as they accrued in 2018.  Third, they assert that

Plaintiff has failed to plead a plausible claim for relief under several of his causes of

action.  In addition, Deloitte seeks dismissal on the grounds that the Complaint

violates Fed. R. Civ. P. 8(a)(2) and Plaintiffs' claims are frivolous.  Finally, Deloitte

asks the Court to issue a litigation bar against Plaintiff, or in the alternative, grant

it leave to file a motion for sanctions.[4]

---

[4] Meta advances an independent argument that this action violates an existing "litigation bar" imposed by the court in *Shukla V*.  (Meta Br. at 8 (citing *Shukla V*, Dkt. No. 104) (S.D.N.Y. Dec. 17, 2021)).  In support, Meta notes that Plaintiff incorporates by reference nearly 200 of the paragraphs of his *Shukla V* Complaint against Apple and Deloitte and argues that this case is "based on the same claims at issue in [*Shukla V*]."  (*Id.* (cleaned up)).  Meta overreads the December 17, 2021 Order.  That Order stated only that "all future filings will be disregarded" unless Plaintiff obtained leave of court.  *Shukla V*, Dkt. No. 104.  In the absence of more explicit language indicating otherwise, the Court construes the Order to apply only to future filings *in that case*, *i.e.*, *Shukla V*, and not as a sweeping litigation bar prohibiting Plaintiff from instituting new litigation of any type. (*See* Section D, *infra* (noting that a litigation bar is an extraordinary remedy that must be narrowly tailored)).  In fact, when *Shukla V* was dismissed two months later, the court expressly stated that it was retaining jurisdiction "to decide whether . . . a litigation bar should be imposed."  *Shukla V*, Dkt. No. 116.  The court never exercised that jurisdiction and there would have been no reason for it to retain jurisdiction to "decide whether" to impose a litigation bar on future litigation if it believed it

16

**A.**   ***Res Judicata* Bars Plaintiff's Claims Against Deloitte, But Does Not Bar His Claims Against Meta**

"The doctrine of *res judicata*, also known as claim preclusion, provides that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Brantley v. Municipal Credit Union*, No. 19 Civ. 10994 (KPF), 2021 WL 981334, at *11 (S.D.N.Y. Mar. 16, 2024) (quoting *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997)) (cleaned up).  For *res judicata* to bar a subsequent suit, "four requirements must be satisfied: '(1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action.'" *Horti Ams., LLC v. Jacob's Vill. Farm Corp.*, No. 21-915-cv, 2022 WL 38719, at *2 (2d Cir. Jan. 5, 2022) (summary order) (quoting *Cho v. Blackberry Ltd.*, 991 F.3d 155, 168 (2d Cir. 2021)).  For the reasons set forth below, the doctrine requires dismissal of Plaintiff's Complaint as against Deloitte, but not as against Meta.

### 1.  Deloitte

In light of *Shukla I*, Deloitte easily satisfies the first three requirements of *res judicata.*  First, when the entirety of *Shukla I* was dismissed with prejudice on August 20, 2021, the court explicitly warned Plaintiff that its dismissal was "on the

---

had already done so in its December 17, 2021 Order.  Notably, Meta's broad reading of the December 17, 2021 Order is seemingly not shared by Deloitte, which does not raise the same litigation bar argument in its brief, despite being a Defendant in both *Shukla V* and the instant suit.

merits." *Shukla I*, 2021 WL 3721349, at *4. Second, *Shukla I* "was decided in the Southern District of New York, plainly a court of competent jurisdiction." *Weir v. Montefiore Med. Ctr.*, No. 23 Civ. 4468 (KPF), 2023 WL 5747642, at *3 (S.D.N.Y. Sept. 6, 2023). Third, both Plaintiff and Deloitte were parties to *Shukla I* and are parties to the present case.

The fourth factor warrants further discussion. This prong concerns whether the latter case is one "involving the same cause[s] of action" as the earlier suit. *Cho*, 991 F.3d at 168. This inquiry is not mechanical and does not require each of the causes of action in the two suits to match precisely when compared. Rather, the court focuses "on the broader question of whether the two claims arise from the same nucleus of operative fact." *Weir*, 2023 WL 5747642, at *4 (cleaned up). The Court also evaluates whether any new claims not brought in the second action could have been brought in the prior action. *See, e.g.*, *Yeiser v. GMAC Mortg. Corp.*, 535 F. Supp. 2d 413, 421-22 (S.D.N.Y. 2008).

Deloitte correctly notes that Counts 1-8 of the Complaint, which assert claims under the ADA, Title VII, NYSHRL, NYCHRL, and Section 1981, mirror Counts 1-6 and 13-14 of Plaintiff's operative complaint (the Third Amended Complaint) in *Shukla I*. (Del. Br. at 7-8; *compare* Compl. ¶¶ 205-88 *with Shukla I*, Dkt. No. 53-2 ¶¶ 164-206, 246-56). These claims arise out of substantially the same factual allegations concerning the events that led up to Deloitte's termination of Plaintiff in 2018 and Deloitte's supposed efforts to prevent Plaintiff from securing alternative

18

employment with "prestigious firms." (*Compare* Compl. ¶¶ 49-115 *with Shukla I*, Dkt. No. 53-2 ¶¶ 42, 147-59). While Meta was not one of the "prestigious firms" specifically identified in Plaintiff's *Shukla I* complaints, the Complaint here alleges that Meta rejected Plaintiff's application in April 2018, before he filed *Shukla I* in February 2019. (Compl. ¶¶ 4, 79). Plaintiff thus could have included his Meta-related allegations in *Shukla I.* Accordingly, *res judicata* plainly bars Plaintiff's claims in Counts 1-8.

Deloitte further argues that Plaintiff's remaining claims against Deloitte, in Counts 10-15, "appear[] to allege that Deloitte deprived him of employment opportunities and retaliated against him because of his disability, gender, and race or national origin" as in *Shukla I.* (Del Br. at 10 (citations omitted)). The Court agrees. While these claims are brought under different legal theories (violation of New York Labor Laws, aiding and abetting, 42 U.S.C. §§ 1983 and 1985, and the FTCA), it is well settled that "[e]ven claims based upon different legal theories are barred by res judicata provided they arise from the same transaction or occurrence." *Cho*, 881 F.3d at 168 (cleaned up).

Plaintiff's opposition papers are entirely non-responsive to Deloitte's *res judicata* argument. (*See generally* D. Opp.). He fails to identify how or why he was unable to include allegations of Deloitte's coordination with Meta in his *Shukla I* complaint, especially when that same complaint included broad allegations of Deloitte colluding with "prestigious firms." *Shukla I*, Dkt. No. 53-2 ¶¶ 42, 148.

19

While the Court could regard Plaintiff's lack of opposition as an abandonment of the point, the Court elects not to do so, given Plaintiff's *pro se* status. *See, e.g., Fate v. Petranker*, No. 19 Civ. 5519 (PMH), 2022 WL 2672317, at *4 n.5 (S.D.N.Y. July 8, 2022). Nonetheless, based on its own independent assessment, the Court is satisfied that the instant suit and *Shukla I* "arise from the same nucleus of operative fact," *Weir*, 2023 WL 5747642, at *4 (cleaned up), *i.e.*, Plaintiff's termination from Deloitte and his inability to find alternative employment in 2018. Consequently, the fourth and final requirement of the doctrine of *res judicata* is also satisfied as to Counts 10-15.

A question remains, however, as to whether *res judicata* bars *all* the claims in Plaintiff's Complaint. As noted above, the Complaint contains a few allegations of purportedly retaliatory conduct by Deloitte occurring after 2018 and after *Shukla I* was dismissed, *i.e.*, that Deloitte monitored his activities at a nightclub in India in February 2023 and manipulated his Internet during 2023. (*See* Compl. ¶¶ 26, 29, 170, 195-96). Plaintiff describes these supposed acts as part of Deloitte's "continuing violations" of his rights. (*See id.* ¶¶ 14, 329; *see also id.* ¶ 338 (alleging that "Deloitte has continued to retaliate against the plaintiff for a period of five or more years")). Obviously, Plaintiff could not have included allegations of conduct in 2023 in any of his complaints in *Shukla I*, which was dismissed in 2021. Yet Deloitte's brief does not address the impact of these allegations on its *res judicata* argument.

"When a subsequent action involves a claim over 'ongoing conduct' and it relies on facts that occurred both before and after the earlier action commenced, claim preclusion will not bar a suit . . . 'based upon legally significant acts occurring after the filing of a prior suit that was itself based upon earlier acts.'" *TechnoMarine*, 758 F.3d at 501 (quoting *Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 113 (2d Cir. 2000)); *see id.* at 502 (where new action alleged that defendant committed "new instances of trademark infringement after" settlement of prior action, claims based on such post-settlement conduct "are not barred by res judicata even though [they are] premised on facts representing a continuance of the same course of conduct") (cleaned up).  At the same time, "claim preclusion may apply where some of the facts on which a subsequent action is based post-date the first action but do not amount to a new claim."  *Id.* at 501 (citation omitted); *see Waldman*, 207 F.3d at 113-14 (*res judicata* applied where it was "simply not plausible to characterize Waldman's claim as one based in any significant way upon the post-*Waldman I* facts;" plaintiff cannot "use the mere inclusion of a few post-*Waldman I* Village acts . . . to resurrect a claim, grounded almost entirely upon . . . events" preceding the prior litigation).

Here, the Complaint does not explicitly assert a "new claim" against Deloitte based on Plaintiff's post-*Shukla I* factual allegations.  None of the Complaint's fourteen causes of action against Deloitte are predicated solely on those allegations.  Construed liberally, however, the Complaint can be read as asserting an ongoing

21

course of retaliatory conduct by Deloitte, occurring both before and after *Shukla I*, in support of Plaintiff's employment retaliation claims under Title VII, the ADA, NYSHRL, NYCHRL, and New York Labor Law.  (*See* Compl. ¶¶ 260-78 (Counts 7 and 8), ¶¶ 289-300 (Count 10)).  The retaliatory acts that Plaintiff alleges Deloitte committed in 2023, though not expressly mentioned in those causes of action, are at least arguably embraced by them.

These alleged retaliatory acts are not, however, *legally significant acts*.  They took place more than four years after the employment relationship between Plaintiff and Deloitte ended.  While "Title VII does—in certain instances—protect against post-employment retaliation," *Mira v. Kingston*, 218 F. Supp. 3d 229, 235 (S.D.N.Y. 2016), "a relatively narrow range of [post-employment] conduct has been recognized in this Circuit as potential unlawful retaliation." *Khurana v. Wahed Invest, LLC*, No. 18 Civ. 233 (LAK) (BCM), 2020 WL 364794, at *14 (S.D.N.Y. Jan. 8, 2020) (cleaned up).  Previously, the Second Circuit "limited the scope of Title VII's protections to proscribe only those actions injurious to current employment or the ability to secure future employment." *Thompson v. Morris Heights Health Ctr.*, No. 09 Civ. 7239 (PAE) (THK), 2012 WL 1145964, at *5 (S.D.N.Y. Apr. 6, 2012).  While this strict approach "no longer applies," *Robinson v. De Niro*, No. 19 Civ. 9156 (LJL), 2023 WL 4862772, at *48-49 (S.D.N.Y. May 25, 2023), post-employment retaliation still is not actionable under the relevant statutes unless it would "dissuade[] a reasonable worker from making or supporting a charge of

22

discrimination." *Id.* at *48 (cleaned up); *see also Franchitti v. Cognizant Tech. Solutions Corp.*, No. 21 Civ. 2174 (JMF), 2022 WL 2657171, at *8 (S.D.N.Y. July 8, 2022).

Even crediting Plaintiff's fanciful allegations that Deloitte surveilled him in India and manipulated his Internet in 2023, Plaintiff does not claim that these alleged events impaired his employment prospects. Nor could they have dissuaded him from making or supporting a charge of discrimination. Plaintiff had already brought charges of discrimination against Deloitte in *Shukla I*, and those charges had been dismissed with prejudice in 2021. While the 2023 conduct of which Plaintiff complains may (if taken at face value) show that "unpleasant things . . . happened to Plaintiff," it is "not the sort of limited post-employment 'retaliation' that is protected by Title VII" and the other statutes Plaintiff invokes. *Mira*, 218 F. Supp. 3d at 236. Moreover, while *Shukla I* was ongoing, Plaintiff made extensive allegations about Deloitte's purported continuous surveillance of his communications, hacking into his Internet, and sending of fake news and emails to him post-termination. (*See Shukla II*, Dkt. No. 1 ¶¶ 26, 29, 48-58, 64-65, 78-80, 82-85). His inclusion of a few more instances of the same alleged course of conduct is insufficient to resurrect his claim. *See Waldman*, 207 F.3d at 114.

As such, Plaintiff's 2023 allegations "do not amount to a new claim" for retaliation and are not "legally significant" for *res judicata* purposes. *Technomarine*, 758 F.3d at 501; *see also Hyman v. Cornell Univ.*, 721 F. App'x 5, 6

23

(2d Cir. 2017) (*res judicata* barred new action where complaint "cannot be read as plausibly raising new claims" based on additional allegations concerning events that post-dated first suit). Accordingly, the Court concludes that Plaintiff's entire Complaint against Deloitte is barred by the doctrine of *res judicata*.[5]

### 2. Meta

In support of its *res judicata* argument, Meta relies on *Shukla I*, *II*, *IV* and *V* as well as another action Plaintiff filed against the U.S. Citizenship & Immigration Services ("USCIS")[6] and contends that "Plaintiff could have claimed in any of those prior actions that Deloitte and Meta conspired with government officials to prevent him from securing employment." (Meta Br. at 10). Meta's argument fails because it glaringly ignores the fact that Meta was not a party to any of the earlier Shukla cases or in privity with any of the defendants in those cases.

As noted above, an essential element of a *res judicata* defense is that both the prior action and the current one "involv[e] the same parties or their privies." *Horti Ams.*, 2022 WL 38719, at \*1; *Cho*, 998 F.3d at 168. In a misguided attempt to evade this requirement, Meta cites to *Monahan v. N.Y.C. Dep't of Corr.*, 24 F.3d 275, 285

---

[5] Further, as explained in Section C *infra*, even if Plaintiff's allegations pertaining to Deloitte's 2023 conduct could survive a *res judicata* analysis, they are factually frivolous and subject to dismissal for failure to state a claim.

[6] In that action, filed in the District of New Jersey in 2019, Plaintiff challenged the USCIS's denial of his I-765 Application for an Employee Authorization Document and claimed that Deloitte (which was not named as a defendant) conspired with the USCIS to wrongfully deny his application. The district court granted summary judgment dismissing the case in 2021. *See Shukla v. Richardson*, Civ. Action No. 19-18117 (MAS), 2022 WL 2789586 (D.N.J. July 13, 2022) (denying Shukla's motion for reconsideration of summary judgment decision).

(2d Cir. 2000), for the applicable *res judicata* standard. (Meta Br. at 9). In *Monahan*, the Second Circuit stated that to prove the defense of *res judicata*, a party must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action *involved the plaintiffs or those in privity with them*; [and] (3) the claims in the subsequent action were, or could have been, raised in the prior action." *Monahan*, 214 F.3d at 285 (citations omitted) (emphasis added). Using this formulation, Meta proceeds to argue that the second part of the test is satisfied because "there is no question" Shukla was the *plaintiff* in the prior Shukla actions (Meta Br. at 10)—skipping over the issue of who the *defendants* were in those cases, as if that issue is somehow irrelevant.

It is not irrelevant. *Res judicata* requires an identity of *both* of the parties to the prior action and the current action. *See Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998) ("Res judicata bars litigation of any claim for relief that was available in a prior suit *between the same parties* or their privies") (emphasis added); *Expert Elec. v. Levine*, 554 F.2d 1227, 1233 (2d Cir. 1977) ("[t]here must be . . . an identity of parties . . . between the prior and subsequent suits before the operation of the res judicata doctrine is triggered").

Nothing in *Monahan* changes that well-settled law. In *Monahan*, there was no question that the defendants were the same as (or in privity with) the defendants in the prior action. The issue in *Monahan* was whether the *plaintiffs* in that action were in privity with the plaintiffs in the prior action. *See Monahan*, 214

25

F.3d at 285-87.  That was why the *Monahan* court focused on whether "the previous action involved the plaintiffs or those in privity with them," *id.* at 285—not because it was *sub silentio* dispensing with the longtime rule that, for *res judicata* to apply, *both* the plaintiff *and* the defendant (or their privies) must have been parties to the prior action.

Accordingly, since Meta was not a party to any of the prior *Shukla* actions, it could invoke *res judicata* only if it was in privity with any of the defendants in those actions.  "[T]he relevant privity inquiry in a claim preclusion analysis is whether the interests of the non-party were adequately represented by the parties in the previous case."  *Weir*, 2023 WL 5747642, at *4 (citing *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 345-46 (2d Cir. 1995)).  This inquiry "looks beyond a traditional contractual privity analysis and examines whether the new defendant has 'a sufficiently close relationship to the original defendant to justify preclusion.'"  *Id.* (quoting *Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 368 (2d Cir. 1995)); *see also Monahan*, 214 F.3d at 285 ("literal privity is not a requirement for res judicata to apply").

Here, Meta makes no argument that it was in privity with Deloitte, Apple, or any other defendant in any of Shukla's prior cases, or that its interests were adequately represented in those cases.  Nor does Meta contend that it had the type of relationship with any of the prior defendants of the type that courts often consider in the context of a *res judicata* privity analysis.  *See, e.g., Araoz v. New*

*Albany Co., LLC*, No. 22 Civ. 125 (AMD) (RML), 2024 WL 866169, at \*4 (E.D.N.Y.

Feb. 29, 2024) (finding "employer-employee or agent-principal relationship

sufficient" for privity relationship to exist).  Thus, because the Court cannot find

that Deloitte, Apple, or any other defendant in the prior Shukla actions was in

privity with Meta, the third requirement of *res judicata* is not met and the analysis

may end there.

In short, Plaintiff's Complaint should be dismissed on *res judicata* grounds

against Deloitte, but not against Meta.  *See Weir*, 2023 WL 5747642, at \*3-5 (finding

*res judicata* applied to defendants who were parties in a previous action, but not a

separate set of defendants who were not parties to the prior action and were found

to be not in privity with the defendants in prior action).

## B.    Plaintiff's Claims Are Barred By the Applicable Statutes of Limitation

Plaintiff describes this case as an action seeking relief "for violations of

Plaintiff's rights resulting from [Meta's] failure to hire the plaintiff."  (Compl. ¶ 7;

*see also id*. ¶ 12).  As alleged in the Complaint, Meta's decision to not hire Plaintiff

took place on April 3, 2018 when Plaintiff "received an email from [Meta] that his

profile was not selected." (*Id*. ¶ 79).  Further, as noted above, Plaintiff alleges that

Deloitte terminated him on November 5, 2018.  (*Id*. ¶ 33; *Shukla V*, Dkt. No. 1 ¶ 47;

*Shukla I*, Dkt. No. 1-1 ¶ 40).  As described below, under the applicable limitations

periods, Plaintiff had at most four years (and in most cases less time) to bring the

27

claims pled in the Complaint. As he did not file the Complaint until October 2023, all of his claims against both Deloitte and Meta are time-barred.[7]

### 1. Employment Discrimination Claims (Counts 1-8, 12)

Counts 1-8 and 12 involve various types of employment discrimination and retaliation claims pursuant to the ADA, NYSHRL, NYCHRL, Title VII, and 42 U.S.C. § 1981. (*See* Compl. ¶¶ 205-78, 307-22).

### a. Title VII and ADA Claims

Plaintiff's Title VII and ADA causes of action are subject to the doctrine of exhaustion of administrative remedies. *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006); *see also, e.g.*, *McPartlan-Hurson v. Westchester Cnty. Coll.*, 804 F. App'x 41, 43 (2d Cir. 2020). Under both the ADA and Title VII's statutory schemes, a prospective plaintiff is required to file a charge with the United States Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discriminatory conduct. 42 U.S.C. § 2000e-5(e)(1) (Title VII); *id.* § 12117(a) (ADA). Thereafter, the plaintiff must file a lawsuit within 90 days of receiving a so-called right-to-sue letter. *Id.* § 2000e-5(f)(1). These filing deadlines "act as a statute of limitations and a failure to timely file a charge acts as a bar to a

---

[7] This is true even if former Governor Cuomo's Executive Order 202.8, which gave plaintiffs an additional 228 days to file suit in New York courts, applied to any of Plaintiff's claims. *See Anekwe v. Bernstein*, No. 21 Civ. 11108 (LAP), 2023 WL 4533659, at *4 (explaining operation of Executive Order 202.8 and declining to make a finding as to its applicability). Although the parties do not raise the applicability of the Executive Order in their briefs, the Court notes that, even if it did apply to Plaintiff's claims, Executive Order 202.8 would not render timely any of Plaintiff's claims that are otherwise time-barred. To illustrate: any claim arising on November 5, 2018 and carrying a four-year plus 228-day limitations period needed to be brought by June 21, 2023. Plaintiff's Complaint was not filed until October 2023. (*See* Dkt. No. 1 Ex. B).

plaintiff's action." *Moore v. City of N.Y.*, No. 08 Civ. 8879 (PGG), 2010 WL 742981, at *7 (S.D.N.Y. Mar. 2, 2010) (cleaned up); *see also Shaver v. Medicom Worldwide, Inc.*, No. 18 Civ. 5700 (DLC), 2018 WL 6200042, at *4 n.2 (S.D.N.Y. Nov. 28, 2018) ("the 90-day time to file a complaint after receiving a right-to-sue letter from the EEOC is treated as a statute of limitations"); *Williams-Velasquez v. Guardian Life Ins. Co.*, No. 99 Civ. 738 (LTS) (JCF), 2003 WL 22038567, at *8 (S.D.N.Y. Aug. 29, 2003) ("In New York . . . Title VII and ADA claims are time-barred if a plaintiff does not file a charge with the EEOC within 300 days of the alleged unlawful employment practice.").

Demonstrating some awareness of these requirements, Plaintiff avers in his Complaint that he filed a "charge of discrimination per EEOC guidelines" against Meta (but not Deloitte) on "October 24, 2023," two days before he filed the instant suit. (*See* Compl. ¶ 19). Plaintiff does not allege that he received a right-to-sue letter from the EEOC. Regardless, Plaintiff's filing of this charge years after the alleged conduct occurred (*i.e.*, Meta's refusal to hire Plaintiff and Deloitte's coordination with Meta to ensure as much in 2018) means that his ADA and Title VII claims against Deloitte and Meta are time-barred. *See, e.g., Brown v. N.Y.C. Hous. Auth.*, No. 05 Civ. 10332 (VM), 2006 WL 1378599, at *2 (S.D.N.Y. May 17, 2006) (granting motion to dismiss pre-termination and termination Title VII claims

on statute of limitations grounds where plaintiff was terminated "more than 300 days prior to the date her EEOC charge was filed").[8]

### b. Plaintiff's Other Discrimination Claims

As for Plaintiff's other discrimination claims, the NYSHRL and NYCHRL both have a statute of limitations of three years. *See Kassner v. 2nd Ave. Deli. Inc.*, 496 F.3d 229, 238 (2d Cir. 2007) ("claims under the NYSHRL and the NYCHRL are time-barred unless filed within three years of the alleged discriminatory acts"). On the other hand, claims brought pursuant to Section 1981 must be brought within four years of the alleged discriminatory conduct. *See McPherson v. N.Y.*, No. 22 Civ. 10800 (LTS), 2023 WL 4818210, at \*2 (S.D.N.Y. July 27, 2023) ("[t]he statute of limitations for Plaintiff's Section 1981 claims is four years"); *see also Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004) (holding Section 1981 claims are subject to a catchall statute of limitations provision which provides for a four-year period).

Because Plaintiff did not file this action until October 2023, more than four years after the alleged discriminatory conduct in 2018 of which he complains, Plaintiffs' claims under the NYSHRL, NYCHRL, and 42 U.S.C. § 1981 are time-barred.

---

[8] Although not mentioned in the Complaint or Plaintiff's opposition papers, the *Shukla I* docket reflects that Plaintiff received a right-to-sue letter from the EEOC with respect to his ADA and Title VII charges against Deloitte on September 5, 2019. *Shukla I*, Dkt. No. 39-3. However, *Shukla I* was dismissed with prejudice in August 2021, and Plaintiff waited more than two years to reassert his ADA and Title VII claims against Deloitte. Even if those claims were not barred by *res judicata*, they would be untimely given Plaintiff's failure to commence this action within the 90-day period after receiving his right-to-sue letter. *See McKoy v. Donahoe*, No. 11 Civ. 2488 (GBD), 2013 U.S. Dist. LEXIS 87862, at \*3-4 (S.D.N.Y. June 19, 2013) (finding prior right to sue letter "does not revive the limitations period" and did not render Plaintiff's second complaint "timely").

### c. Post-2018 Allegations

The Court also considers the Complaint's allegations that during "the years 2018-2023," Meta hired other individuals who were "similarly situated" to Plaintiff and that this shows he was singled out and discriminated against. (*See* Compl. ¶¶ 112-13, 145, 147-48, 150, 171, 173, 197, 198). Accepting the truth of these allegations, they do not bring any of Plaintiff's discrimination claims against Meta within the applicable limitations period.

Plaintiff does not allege that he sought employment with Meta at any time after his applications in early 2018 and hence his claims against Meta accrued in April 2018, when Meta declined to make him an offer. Meta's subsequent hiring of other individuals, whether similarly situated to Plaintiff or not, does not extend the accrual date or somehow toll the running of the statute of limitations. *See Rodriguez v. Cnty. of Nassau*, 547 F. App'x 79, 81 (2d Cir. 2013) (summary order) ("a refusal to hire is a discrete act that constitutes a separate actionable unlawful employment practice, such that the applicable statute of limitations begins to run from the date of the adverse hiring decision") (cleaned up); *Tsatsani v. Walmart, Inc.*, No. 19 Civ. 9063 (PAE) (BCM), 2020 WL 6688939, at *15 (Oct. 26, 2020) ("discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire do not toll the statute of limitations") (cleaned up), *adopted* 2020 WL 6701019 (S.D.N.Y. Nov. 13, 2020).

### 2. Negligence Claim (Count 9 Against Meta Only)

Count 9 of the Complaint alleges "NEGLIGENCE . . . in violation of" NYCHRL and NYSHRL.  (Compl. at 53 & ¶¶ 279-88).  Although this portion of his Complaint cites the NYSHRL and NYCHRL, Plaintiff makes multiple allegations regarding Meta's "standard of care," "their duty of care," and foreseeability (*see id.*), terms typically associated with the common law tort of negligence.  Thus, the Court construes Count 9 as a claim for common law negligence under New York law.

"The statute of limitations for a negligence action in New York is three years, which begins to accrue on the date of the injury."  *Vaccaro v. Bank of America, N.A.*, No. 13 Civ. 2484 (KMK), 2016 WL 4926201, at *6 n.12 (S.D.N.Y. Sept. 15, 2016) (citations omitted); *see also* N.Y. C.P.L.R. 214.  Here, regardless of whether the Court construes Plaintiff's claim as one for personal injury or property pursuant to N.Y. C.P.L.R. 214 (4), or (5), Plaintiff's negligence claim is time-barred, as it had to be brought well before October 2023.

### 3. Labor Law Claims (Counts 10 and 11)

Counts 10 and 11 purport to bring claims pursuant to "NEW YORK STATE LABOR LAWS" and "NEW YORK CITY LABOR LAWS," respectively.  (*See* Compl. at 55, 57 & ¶¶ 289-306).  However, the only labor law referred to in this portion of the Complaint is New York Labor Law § 215.  Section 215, which prohibits employers from retaliating against employees who engage in certain protected acts, provides for a two-year statute of limitations for a plaintiff to sue an employer who

allegedly violates that provision, measured from the date of the violation. N.Y. Lab. L. § 215(2)(a); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 319 (S.D.N.Y. 2015) (finding Section 215's "two-year limitations period" applies "to Plaintiff's retaliatory-discharge claim"); *Esmilla v. Cosmopolitan Club*, No. 09 Civ. 10169 (DF), 2011 WL 814007, at *3 (S.D.N.Y. Mar. 3, 2011) ("[c]laims under Section 215 must be asserted within two years of injury").

Here, inasmuch as the alleged retaliation consists of Deloitte and Meta acting together to prevent Plaintiff from securing employment at Meta in 2018 (*see* Compl. ¶¶ 290-98), Plaintiff's claims brought pursuant to New York Labor Law § 215 are time-barred, as he filed his Complaint in 2023.

### 4. Federal Civil Rights Claims (Counts 13 and 14)

Plaintiff styles Counts 13 and 14 of his Complaint as a "DEPRIVATION OF RIGHTS" in violation of 42 U.S.C. Section 1983 and "CONSPIRACY TO ITNERFERE WITH CIVIL RIGHTS" in violation of 42 U.S.C. § 1985. (*See* Compl. at 61, 63 & ¶¶ 323-45).

Because Congress has not prescribed a specific statute of limitations for claims under Section 1983 or Section 1985, courts apply the statute of limitations for personal injury actions under state law. *See Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). In New York, the time to assert a personal injury action is three years. *See id.*; N.Y. C.P.L.R. § 214. Accordingly, Sections 1983 and 1985 claims asserted in New York's federal courts must be filed within three years.

*See Raghunath v. N.Y.*, No. 23 Civ. 4622 (HG) (LB), 2024 WL 328806, at *4 (E.D.N.Y. Jan. 28, 2024) ("[f]ederal courts apply the state law statute of limitations for personal injury action for claims under [both] Sections 1983 and 1985, and in New York that statute of limitations is three years"); *Paige v. Police Dep't of City of Schenectady*, 264 F.3d 197, 199 n.2 (2d Cir. 2001) ("[t]he statute of limitations for actions brought pursuant to [Sections] 1983 and 1985 is three years").

In the section of Plaintiff's Complaint alleging civil rights violations pursuant to Sections 1983 and 1985, he claims "[d]efendant State Actors abused their official positions, and resources for the purpose of perpetuating the abuse of Plaintiff and depriving him of his civil and constitutional rights," and accuses a "Facebook recruiter and [a] Deloitte State actor [of having] a meeting of mind[s] to reach an understanding . . . not to hire" him. (Compl. ¶¶ 326-28). As noted above, Meta informed Plaintiff that it would not be hiring him in April 2018. Accordingly, any claim under Sections 1983 or 1985 based on the purported involvement of "State Actors" in that decision, or any other acts prior to the filing of *Shukla I*, is barred by the applicable three-year statute of limitations.

### 5.  Federal Tort Claims Act Claim (Count 15)

Although also mentioning the ADA (*see* Compl. ¶¶ 347-49), Count 15 of the Complaint alleges that Defendants acted "in violation of Federal Laws, Federal Tort Claims Act, [and] New York State Laws." (Compl. at 65). Having already dealt with Plaintiff's claims brought under various anti-discrimination statutes, the

Court will construe this claim as one brought under the FTCA, based on Plaintiff's allegations that certain "State Actors" have acted against him.  (*See* Compl. ¶¶ 21-31).[9]

Claims under the FTCA "are forever barred unless they are presented in writing to an appropriate federal agency within two years after the claim accrued." *Accolla v. U.S. Gov't*, 636 F. Supp. 2d 304, 307 (S.D.N.Y. 2009).  This "exhaustion requirement 'applies equally to litigants with counsel and to those proceeding pro se.'" *Kaid v. Tatum*, No. 20 Civ. 3643 (JLR) (SLC), 2024 WL 946949, at *14 (S.D.N.Y. Jan. 24, 2024) (quoting *Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004)).

Plaintiff does not allege that he presented a claim against the United States to a federal agency within two years of November 2018.  As such, even if Plaintiff had sued the United States, any FTCA claim would be time-barred well before he initiated the instant suit in 2023.  *See Lonesky v. United States*, No. 08 Civ. 530 (KMK), 2009 WL 10739937, at *6 (S.D.N.Y. Sept. 30, 2009) (finding court had no subject matter jurisdiction over time-barred FTCA claim).

Accordingly, the Court finds that all of Plaintiff's claims against both Deloitte and Meta are time-barred.

---

[9] Despite those allegations, Plaintiff does not name the United States as a party, which itself is fatal to his FTCA claim.  *See Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998) (*per curium*) ("the United States is the only proper party defendant in an FTCA action"); *accord Rivera v. United States*, 928 F.2d 592, 609 (2d Cir. 1991).

**C.     The Complaint's Other Pleading Deficiencies**

Defendants both argue that many of Plaintiff's causes of action fail to state a cognizable claim for relief.  (*See* Del. Br. at 16-20; Meta Br. at 13-18).  Moreover, Deloitte argues that the entirety of Plaintiff's Complaint is dismissible under Rule 8(a) of the Federal Rules of Civil Procedure due to its length, disorganization, and confusing nature.  (Del. Br. at 20-22).  As with Defendants' *res judicata* and statute of limitations arguments, Plaintiff's opposition briefs fail to meaningfully address the substance of these arguments.  (*See generally* D. Opp. & M. Opp.).

Because, as set forth above, Plaintiff's claims are barred both by the doctrine of *res judicata* (as to Deloitte) and by the relevant statutes of limitations (as to both Defendants), the Court refrains from analyzing the pleading adequacy of each of the Complaint's causes of action.  The Court does, however, analyze the legal sufficiency of Plaintiff's allegations based on post-*Shukla I* conduct, on the assumption (contrary to the conclusion in Section A, *supra*) that those allegations give rise to a new claim not that is not barred by *res judicata*.

Specifically, as noted above, Plaintiff alleges that the Deloitte HR Employee "has maintained continuous surveillance over the plaintiff" and, in February 2023, "influenced or forced several female professionals (including intelligence services of law enforcement professionals) supporting Deloitte to follow and track the plaintiff at a night club" in India.  (Compl. ¶ 26).

In addition, Plaintiff alleges that Deloitte "manipulated plaintiff's internet to send him fake news on Israel-Hamas war, World Leaders, Cricket and Financial markets." (Compl. ¶¶ 170, 195). For example, Plaintiff alleges that since February 2023, when he traveled to Delhi to watch a cricket match, "Deloitte has targeted the plaintiff with fake news on cricket." (*Id.* ¶ 195). He further alleges that because of Deloitte's "targeted manipulation of plaintiff's internet," he experienced significant difficulties in locating similarly situated Facebook employees to support his discrimination claims. (*Id.* ¶ 196).

"A court may dismiss a claim as 'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)). Indeed, "[c]ourts in this District, faced with claims based on similarly fantastical" and illogical theories—including prior claims asserted by Shukla—"have consistently dismissed them for failure to state a claim, even when the plaintiff proceeded pro se." *Campbell v. Columbia Univ.,* No. 22 Civ. 10164 (VSB), 2023 WL 6038024, at *8 (S.D.N.Y. Sept. 15, 2023); *see Shukla I*, 2021 WL 1131507, at *2 (Plaintiff's allegations regarding "BioChemical/Medical manipulation" were "factually frivolous and clearly baseless"); *Shukla II*, 2020 WL 4431996, at *2 (dismissing Plaintiff's allegations that Deloitte, *inter alia*, "track[ed] his movements" and "hack[ed] into his online accounts" because they "r[os]e to the level of the irrational"); *see also Calderon v. Int'l Monetary Fund*, No. 22 Civ. 7807

37

(LTS), 2022 WL 4485342, at *2 (S.D.N.Y. Sept. 26, 2022) (dismissing as frivolous plaintiff's allegations that defendant "hacked her emails and her television and constantly bothers her and sends text messages to her").

Plaintiff's far-fetched allegations of harassment and manipulation in this case, which are likewise inherently incredible and unsupported by well-pled facts, merit the same fate. So too do his nebulous allegations that "Deloitte State Actors," working with "law enforcement" and "intelligence services," have "depriv[ed] him of his civil and constitutional rights" and "continued to manipulate [his] electronic communications, media information and news." (*See, e.g.*, Compl. ¶¶ 22, 328-29). Even if these "clearly baseless" claims were not otherwise barred by *res judicata*, they would be deserving of dismissal. *Denton*, 504 U.S. at 32.

With respect to Rule 8(a), Deloitte has provided examples of dense and disjointed allegations within the Complaint that are, at best, difficult to follow. (Del. Br. at 21). While these specific examples are non-exhaustive, they are emblematic of the "'unnecessary prolixity'" which courts in this Circuit have found to place "'an unjustified burden on the Court and the party who must respond to [them] because they are forced to select the relevant material from a mass of verbiage.'" *Bender v. City of N.Y.*, No. 09 Civ. 3286 (BSJ), 2011 WL 4344203, at *1 (S.D.N.Y. Sept. 14, 2011) (quoting *Shabtai v. Levande*, 38 Fed. App'x. 684, 686 (2d Cir. 2002)). An unnecessary lengthy and disorganized complaint is "especially troublesome" where, as here, Plaintiff "has had numerous opportunities to file new

38

and amended complaints throughout h[is] many lawsuits." *Id.* Including the allegations incorporated by reference from *Shukla V*, the Complaint here is some 558 paragraphs long. If the Complaint were not being dismissed for other independent reasons, the Court would find that it violates Rule 8(a) and should be dismissed for that reason as well.

## D.   A Litigation Bar Is Warranted Restraining Plaintiff from Filing Future Suits Against Deloitte Without Leave of Court

In its motion, and in its subsequent opposition to Plaintiff's motion to stay, Deloitte requests that the Court impose a litigation bar (also known as an anti-filing injunction) and other appropriate sanctions to curtail Plaintiff's frivolous filings against Deloitte, its personnel, and representatives. (Del. Br. at 22-24; Dkt. No. 36 at 2; Dkt. No. 80 at 3). A litigation bar, which restricts a litigant from making future court filings without obtaining court approval, is a "drastic measure," *Sorenson v. Wolfson*, 170 F. Supp. 3d 622, 626 (S.D.N.Y. 2016), that is warranted only when a district court is confronted with "extraordinary circumstances, such as a demonstrated history of frivolous and vexatious litigation," *Richardson Greenshields Sec., Inc. v. Mui-Hin Lan*, 825 F.2d 647, 652 (2d Cir. 1987).[10]

---

[10] A district court "may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998). Here, Deloitte's notice of motion and supporting memorandum of law requested such relief. (Dkt. No. 36 at 2; Def. Br. at 22-24). Thus, Plaintiff was given the requisite notice and opportunity to be heard, even though his opposition brief did not address this issue. *See Milton v. Ocwen Loan Servicing LLC*, No. 19 Civ. 5983 (CBA) (PK), 2021 WL 9569356, at *6 (E.D.N.Y. Jan. 29, 2021).

Upon consideration of the relevant factors in this Circuit, the Court concludes that such extraordinary circumstances are present here and that a litigation bar is warranted. Plaintiff should be enjoined from filing future lawsuits related to his employment by Deloitte, the termination of his employment by Deloitte, or Deloitte's alleged involvement in his failure to find new employment after his termination, unless he first obtains leave of Court.

"It is well established that 'a district court may, in its discretion, impose sanctions against litigants who abuse the judicial process.'" *Gertskis v. N.Y. Dep't of Health & Mental Hygiene*, No. 13 Civ. 2024 (JMF), 2014 WL 2933149, at *6 (S.D.N.Y. June 27, 2014) (quoting *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (per curium)); *see also NMD Interactive, Inc. v. Chertok*, No. 11 Civ. 6011 (RJS), 2017 WL 993069, at *4 (S.D.N.Y. Mar. 13, 2017) ("if a litigant has a history of filing vexatious, harassing, or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system") (cleaned up). The Second Circuit has identified the following factors to be considered in deciding whether to restrict a litigant's future access to the courts:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

40

*Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019) (quoting

*Iwachiw*, 396 F.3d at 528).  Here, these factors weigh decisively in favor of imposing

a litigation bar of the type described herein.

With respect to the first factor, the Court has already outlined Plaintiff's

history of vexatious litigation against Deloitte.  (*See supra* Background).  As noted,

this history includes the filing of duplicative suits in circumstances when Plaintiff is

dissatisfied with the progress of a case already underway.  This occurred when

Plaintiff filed *Shukla II* while *Shukla I* was ongoing, filed *Shukla III* while *Shukla I*

and *II* were both ongoing, filed *Shukla V* while *Shukla* I was ongoing, and filed

*Shukla VII* while the instant case has been ongoing.  Plaintiff also has a history of

filing duplicative motions in disregard of court orders, prompting (1) the *Shukla I*

court to reprove his "refus[al] to accept unfavorable rulings from the Court" and

filing of "meritless motions for reconsideration," *Shukla I*, 2021 WL 3721349, at \*2,

(2) the *Shukla V* court to "warn[] Shukla on several occasions that he must abide by

the Court's Orders," *Shukla V*, 2021 WL 5281371, at \*2, and (3) the district judge in

this case to instruct him "to cease filing applications seeking relief that has already

been denied" (Dkt. No. 69).

That is to say nothing of Plaintiff's many frivolous allegations, motions,

oppositions to motions, interlocutory appeals and other submissions, illustrated

herein but too numerous to catalogue in full.  Several of his filings in this case alone

have been not just frivolous, but fantastical and at times misogynistic.  (*See, e.g.,*

41

Dkt. No. 81 ("[t]his court must not provide Deloitte and supporting females any further hope that that their targeted sexual services and money laundering schemes against the plaintiff would never be litigated"); Dkt. No. 19 (filing a "Notice of Objection for Civil and Criminal Intent" accusing, among others, "the court clerk in this matter" of "acting as an accomplice" to support "the criminal actions" of the Deloitte HR Employee); Dkt. No. 15 (alleging the Deloitte HR Employee "has taught or provided biomedical manipulation skills, including use of chemicals, misuse of electrical devices / electronic devices emitting radio waves, to multiple Indian females")). For this reason, the first factor weighs heavily in favor of imposing a litigation bar.

As for factor two, Plaintiff's suit is his sixth attempt at recovering monetary compensation against Deloitte or one of its employees. However, not one of these previous cases has resulted in a settlement or other positive outcome for Plaintiff—either his cases have been dismissed for failure to comply with Court orders or for asserting frivolous or duplicative claims (*Shukla I, II & IV*), or they have been withdrawn by Plaintiff himself (*Shukla III & V*). When *Shukla I* was dismissed, the court expressly warned Plaintiff that he "will not be able to get a second bite at the apple before a different judge" because his claims "will be subject to the doctrine of *res judicata.*" *Shukla I*, 2021 WL 3721349, at \*4. Yet Plaintiff brought this action against Deloitte anyway, largely repeating his allegations and claims in *Shukla I*. The Court has determined that Plaintiff's claims against Deloitte are, indeed,

42

barred by the doctrine of *res judicata*, and his factual allegations that post-date *Shukla I* are patently frivolous.

For these reasons, the Court believes Plaintiff "cannot have had an objective good faith expectation of prevailing in the instant suit." *Gertskis*, 2014 WL 2933149, at *6 (issuing litigation bar after determining that plaintiff's action was barred by *res judicata* in light of prior unsuccessful suits against same defendants). Therefore, this factor counsels in favor of imposing a litigation bar as well.

On the third factor, Plaintiff is proceeding in this case, as he has in the past, *pro se*. Nonetheless, the special solicitude afforded *pro se* litigants does "not altogether excuse frivolous or vexatious filings by *pro se* litigants." *Eliahu*, 919 F.3d at 715 (cleaned up); *see also Goodman v. Bouzy*, No. 21 Civ. 10878 (AT) (JLC), 2023 WL 3296203, at *16 (S.D.N.Y. May 8, 2023) ("one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets") (citation omitted). While Plaintiff is not a lawyer and has no apparent legal training, he earned a bachelor's degree in electronics and telecommunications engineering in India and a master's degree in information systems from New York University. (*Shukla I*, Dkt. No. 1-1 ¶ 15). When the courts are used as "a vehicle of harassment" by an "'experienced *pro se* litigant who asserts the same claims repeatedly in slightly altered guises,'" the plaintiff's "*pro se* status is not an impediment to injunctive relief." *Colida v. Nokia Inc.*, No. 07 Civ. 8056 (KMW) (HBP), 2008 WL 4517188, at *15 (S.D.N.Y. May 6, 2008) (quoting *Kane v.*

*City of New York*, 468 F. Supp. 586, 590 (S.D.N.Y. 1979)), *adopted as modified* 2008 WL 4449419 (S.D.N.Y. Sept. 29, 2008).

On the fourth factor, there can be no question that Plaintiff's barrage of frivolous filings from *Shukla I* through *Shukla VII* has caused very substantial and needless expense to Deloitte. (*See* Del. Br. at 23; Dkt. No. 80 at 2). The numbered docket entries just in the cases in this District (*Shukla I-II* and *V-VII*) exceeds 600. Plaintiff has also imposed unnecessary burdens on the courts and their personnel in addressing Plaintiff's baseless allegations and arguments. In this case alone, Plaintiff's groundless motions and submissions have included his motion to disqualify the District Judge (Dkt. No. 17), his Notice of Objection for Civil and Criminal Intent (Dkt. No. 19), his cross-motion for a default judgment (Dkt. No. 31), his challenges to the undersigned Magistrate Judge's authority (Dkt. No. 50, 60), his renewed cross-motion to enforce entry of default (Dkt. No. 58), and his letter motion to vacate judgment (Dkt. Nos. 66-68), most of which have required responses from the Court (Dkt Nos. 24, 45, 59, 61, 70). Thus, the fourth factor weighs heavily in favor of imposing a litigation bar.

Finally, on the fifth factor, the Court cannot find that any sanction other than a litigation bar would deter Plaintiff in the future. Plaintiff was chastised for "repeatedly flout[ing]" the instructions of the presiding judges in both *Shukla I* and *Shukla V*. *Shukla I*, 2021 WL 3721349, at *2; *Shukla V*, 2021 WL 5281371, at *2. He has had his ECF filing privileges revoked on multiple occasions. (Del. Br. at 23

44

n.12 (citing orders revoking ECF privileges in *Shukla I*, *Shukla IV*, and *Shukla V*)). He has twice received one of the most "severe sanctions" available for litigation misconduct when *Shukla I* and *Shukla IV* were dismissed with prejudice based on his refusal to comply with court orders. *Shukla I*, 2021 WL 3721349, at \*3 (cleaned up); *Shukla IV*, 2021 WL 1721862, at \*2.

Perhaps most important, Plaintiff has been explicitly and repeatedly warned that if he did not stop abusing the litigation process, a litigation bar would be issued against him:

- The dismissal order in *Shukla I* stated: "Plaintiff is warned that continuing his behavior in future cases could result in an anti-filing injunction, which is where a court decides to restrict a litigant's future ability to sue because they have a history of vexatious litigation and are likely to continue to abuse the litigation process." *Shukla I*, 2021 WL 3721349, at \*5 (cleaned up).

- In *Shukla V*, the court ordered Plaintiff "to show cause why the Court should not dismiss his claims and impose a 'litigation bar' prohibiting the filing of new lawsuits based on those claims without prior leave of Court," explaining that courts have the discretion to impose such a sanction on "litigants who abuse the judicial process, by filing vexatious, harassing or duplicative lawsuits, causing needless expense to other parties or posing an unnecessary burden on the courts and their personnel." *Shukla V*, 2021 WL 5281371, at \*4 (cleaned up).

- In a summary order denying Plaintiff's appeals in *Shukla IV*, the Third Circuit denied a request by the Deloitte employee named in that suit for an anti-filing injunction against Plaintiff (while granting her request to revoke Shukla's electronic filing privileges), stating: "[w]e will not enjoin Shukla at this time but we emphatically warn him that repetitive and vexatious litigation will lead to sanctions and filing injunctions." *Shukla v. Univ. of Pa. Health Systems*, Nos. 22-2029 & 22-2257, 2022 WL 4461395, at \*3 (3d Cir. Sept. 26, 2022).

Plaintiff has heeded none of these warnings. Neither they nor the other sanctions previously imposed on Plaintiff have sufficed to deter him from making repetitive, vexatious, and frivolous claims in his Complaint and other filings in this case and, more recently, in *Shukla VII*. There is no reason to believe a monetary sanction would adequately dissuade him either, given his consistent refusal to heed prior court orders.[11]

In sum, the relevant factors counsel strongly in favor of imposing a litigation bar on the terms described herein. Plaintiff must not be allowed to relitigate the circumstances surrounding his 2018 termination in perpetuity. Only a litigation bar will adequately protect Deloitte, its personnel, and its representatives from continued harassing and vexatious litigation and needless expense.

At the same time, the scope of any litigation bar should be narrowly tailored to the circumstances of the case. *Colida*, 2008 WL 4517188, at *15. Accordingly, the Court recommends that Judge Clarke issue an Order containing a litigation bar with the following provisions:

1. Plaintiff is hereby barred from filing any new action against Deloitte or any of its personnel or representatives arising from or related to his employment by Deloitte, his termination by Deloitte, or Deloitte's alleged involvement in Plaintiff's

---

[11] Monetary sanctions may further be inadequate because Plaintiff may no longer be reachable at the address listed on the docket. (*See Shukla VII*, Dkt. Entry dated May 6, 2024 (most recent court order mailed to Plaintiff's address in New Jersey was returned to sender)).

failure to find new employment after his termination, inclusive of allegations of harassment and retaliation by Deloitte, unless he first obtains leave of Court to file.

2. Any motion for leave to file must be captioned "Application for Court Order Seeking Leave to File." Plaintiff must attach a copy of the proposed complaint and a copy of this Order to his motion.

3. Should Plaintiff violate this Order and file an action without first obtaining leave to file, the action should be summarily dismissed for failure to comply with this Order.

4. Any filing that does not comply with the terms of this Order may subject Plaintiff to sanctions, including monetary penalties, and/or contempt of Court.[12]

Nothing in this Report & Recommendation shall be construed as denying or restricting Plaintiff's right to file objections to this Report & Recommendation.

## CONCLUSION

For the foregoing reasons, the undersigned recommends (i) **GRANTING** Defendant Deloitte's motion to dismiss Plaintiff's Complaint; (ii) **GRANTING** Defendant Meta's motion to dismiss Plaintiff's Complaint; and (iii) **GRANTING** Defendant Deloitte's motion for a litigation bar to the extent described above. The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff at 202 Salem Court, Apt. 11, Princeton, New Jersey 08540.

---

[12] These provisions are modeled on other litigation bars issued in this District. *See*, *e.g.*, *Gertskis*, 2014 WL 2933149, at *7; *Colida*, 2008 WL 4517188, at *16.

DATED:    New York, New York
            July 17, 2024

                                                _____

                                              GARY STEIN
                                              United States Magistrate Judge

### NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. Section 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen days, inclusive of weekends and holidays, from the date of this Report and Recommendation to file written objections thereto. *See also* Fed. R. Civ. 6(a), (b), and (d). Any such objections shall be filed with the Clerk of Court. Any request for an extension of time to file objections must be directed to Judge Clarke. A failure to file timely objections will preclude appellate review. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner v. Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).