UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASHU SHUKLA,

Plaintiff,

-against-

META PLATFORMS INC. and DELOITTE CONSULTING LLP,

Defendants.

23-CV-10150 (JGLC) (GS)

**ORDER ADOPTING REPORT AND RECOMMENDATION AND IMPOSING A LITIGATION BAR AGAINST PLAINTIFF SHUKLA**

JESSICA G. L. CLARKE, United States District Judge:

This case is referred to Magistrate Judge Stein for general pretrial and dispositive motions requiring a Report and Recommendation. *See* ECF No. 23. In the Report and Recommendation filed on July 17, 2024, Magistrate Judge Stein recommended that Defendants' motions to dismiss be granted and that a litigation bar be imposed on *pro se* Plaintiff Shukla. *See* ECF No. 86 (the "Report and Recommendation" or "R&R").

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* ECF No. 86. In addition, the Report and Recommendation expressly called Plaintiff's attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).

As of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Instead, Plaintiff states that "since the defendants have already defaulted on the matter, the plaintiff will not be filing any objections pursuant to Federal Rules." ECF No. 88. The Court has already denied Plaintiff's motion for remand based on Defendants' alleged default in state court. *See* ECF Nos. 53 and 56. Accordingly, in the absence of any substantive objections, Plaintiff has waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Despite the waiver, the Court has reviewed the Report and Recommendation, unguided by objections. The R&R found Plaintiff's claims to be precluded by *res judicata*, time-barred, clearly baseless, and in violation of Federal Rule of Civil Procedure 8(a). R&R at 27, 35, 36, 38–39. The R&R also thoroughly recounted Plaintiff's history of vexatious, abusive, and frivolous litigation conduct in this action and prior related cases. *Id*. at 2–8, 11–13, 41. Moreover, Plaintiff "has been explicitly and repeatedly warned that if he did not stop abusing the litigation process, a litigation bar would be issued against him." *Id*. at 45. These warnings, and other court-imposed sanctions – such as dismissal of Plaintiff's cases with prejudice, and revocation of ECF filing privileges – have not deterred him from continuing his pattern of unacceptable behavior. *Id*. at 45–46. Plaintiff has consistently refused to comply with court warnings and orders, which he simply declares to be invalid, biased, or part of a conspiracy against him. *Id*. at 3, 12–13, 46.

Accordingly, the Court agrees that a litigation bar should be imposed. The Court finds the Report and Recommendation to be well reasoned and grounded in fact and law. Thus, the Report and Recommendation is ADOPTED in its entirety.

The Court hereby sanctions Plaintiff Shukla by imposing a litigation bar with the following provisions:

1. Plaintiff is hereby barred from filing any new action against Deloitte Consulting LLP ("Deloitte") or any of its personnel or representatives arising from or related to his employment by Deloitte, his termination by Deloitte, or Deloitte's alleged involvement in Plaintiff's failure to find new employment after his termination, inclusive of allegations of harassment and retaliation by Deloitte, unless he first obtains leave of Court to file.
2. Any motion for leave to file must be captioned "Application for Court Order Seeking Leave to File." Plaintiff must attach a copy of the proposed complaint and a copy of this Order to his motion.
3. Should Plaintiff violate this Order and file an action without first obtaining leave to file, the action should be summarily dismissed for failure to comply with this Order.
4. Any filing that does not comply with the terms of this Order may subject Plaintiff to sanctions, including monetary penalties, and/or contempt of Court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

For the reasons set forth herein and in the R&R, the Complaint is DISMISSED with prejudice and a sanction in the form of the litigation bar set forth above is hereby imposed against Plaintiff Shukla.

The Clerk of Court is directed to terminate ECF No. Nos. 36 and 41, close the case, and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: August 2, 2024
New York, New York

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge